# EXHIBIT A

EXHIBIT A

CHRIS DEROSE
Clerk of the Superior Court
By Kelsey Norton, Deputy
Date 12/28/2018 Time 13:29:40

| Description | Amount |
|---|---|
| -------- CASE# CV2018-056507 -------- | |
| CIVIL NEW COMPLAINT | 333.00 D |
| TOTAL AMOUNT | 0.00 |

Receipt# 26965928

**CARL DURHAM**
17251 N. 61st Ave.
Glendale, AZ 85308
(602) 451-6789

*Self Represented*

Prepared by Lindsay M. Brown, AZCLDP #81821

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

In the Matter of

CARL DURHAM

vs.

MTC FINANCIAL, INC. dba TRUSTEE CORPS. on behalf of TRINITY FINANCIAL SERVICES, LLC.

Case No. CV2018-056507

**CIVIL COMPLAINT**

Plaintiff, CARL DURHAM, hereby submits this Complaint against Defendants and alleges the following:

**JURISDICTION AND VENUE**

1. Maricopa County Superior Court has the legal authority to hear and decide this case because the Plaintiff resides in Maricopa County, Arizona.

2. All of the events, actions, or debts subject to this Complaint occurred in Maricopa County, Arizona.

3. This Court has jurisdiction over this matter pursuant to Article VI, Section 14 of the Arizona Constitution and A.R.S. § 12-123. Defendants have caused the events to occur in Maricopa County, Arizona, which is the subject matter of this Complaint. This Court has personal jurisdiction over all Defendants.

4. Venue is proper pursuant to A.R.S. § 12-401.

## DISCOVERY TIER

5. Pursuant to Arizona Rules of Civil Procedure, Rule 26.2 (c)(3), the Court should assign my case to the Discovery Tier 2 based on the amount of damages I request and/or actions claiming nonmonetary relief.

## PARTIES

6. The Plaintiff is CARL DURHAM, resides at 17251 N. 61st Ave., Glendale, Arizona, 85308.

7. The Defendant is MTC FINANCIAL, INC. dba TRUSTEE CORPS. at 17100 Gillette Ave., Irvine, California 92614, who is acting on behalf of Trinity Financial Services, LLC. located at 2618 San Miguel Dr., Suite #303, Newport Beach, California 92660.

## STATEMENT OF FACTS AND BREACH

8. Plaintiff obtained a second mortgage on his home located at 17251 N. 61st Ave, Glendale, Arizona 85308 on April 11, 2007, for the amount of $182,700.00 through what was known as National City Mortgage Company. (See Exhibit A)

9. National City Mortgage Company sold/assigned said second mortgage to Dreambuilder Investments, LLC on August 12, 2010. Dreambuilder Investments, LLC contracted BSI Financial Services, Inc. to administer and service the second mortgage account. (See Exhibit B)

10. In late 2010, Plaintiff admittedly fell delinquent on the second mortgage payment obligation.

11. Through Loss Mitigation with BSI Financial Services, Inc., Plaintiff entered into a Contingent Compromise Settlement Agreement (herein referred to as the "Settlement Agreement") on April 12, 2011 to settle the second mortgage for less than full value, or

for $30,000.00. Upon acceptance of the Settlement Agreement, the second mortgage lien held by BSI Financial Services, Inc., was to be released. (See Exhibit C)

12. The terms of said Settlement Agreement required an initial payment of $10,000.00 by May 1, 2011 to BSI Financial Services, Inc. This requirement was satisfied, to the best of Plaintiff's knowledge and belief. (See Exhibit D)

13. The $20,000.00 balance of said Settlement Agreement was to be paid by way of $200 monthly payments and/or discretionary payments of principal with any amounts remaining to be paid by May 1, 2013. An interest rate of 0% was to be assessed. This requirement was satisfied, to the best of Plaintiff's knowledge and belief.

14. Important to note, is that upon the acceptance of this Settlement Agreement with BSI Financial Services, Inc., the second mortgage (lien) was to be released and consequently, BSI Financial Services, Inc. became an "unsecured" creditor of Plaintiff on April 12, 2011.

15. On November 7, 2011, the Plaintiff filed a Chapter 7 Bankruptcy as Case No. 2:11-bk-31945-SSC, in which Plaintiff's home was exempt from the liquidation. BSI Financial Services, Inc. was listed as a creditor of the Plaintiff. The Plaintiff's Bankruptcy was discharged on March 19, 2012 pursuant to 11 U.S.C. § 727. (See Exhibit E)

16. On or about January 29, 2012 and in support of Plaintiff's allegations contained herein, BSI Financial Services, Inc. reported Plaintiff's account to the major credit reporting agencies as an "unsecured" obligation with a $0 balance outstanding. This account information continues to appear on Plaintiff's consumer credit reports as of the current day, account information which has been available to any prospective purchaser or assignee of the second mortgage for the past 7 years. (See Exhibit F)

17. According to an Assignment dated August 20, 2015, Dreambuilder Investments, LLC sold/assigned the second mortgage to Trinity Financial Services, LLC. (See Exhibit G)

18. Plaintiff began the process to refinance the *first mortgage* held with PNC Bank for his property at 17251 N. 61st Ave., Glendale, Arizona 85308 on December 1, 2017. At

that time, Plaintiff believed that was the only mortgage on his home, as he had satisfied his obligations with BSI Financial Services, Inc. through the Settlement Agreement dated April 12, 2011 and by way of his bankruptcy discharge. During this refinancing process, the Plaintiff was informed by PNC Bank that the lien from the second mortgage was still held against his home, now being held by Trinity Financial Services, LLC.

19. During this refinancing process, Plaintiff contacted Trinity Financial Services, LLC on January 3, 2018 in order to obtain more information. At that time, Trinity Financial Services, LLC indicated a payoff amount owing of $28,655.00. Trinity Financial Services, LLC sent this payoff information to the Plaintiff in writing on January 5, 2018. (See Exhibit H)

20. On May 31, 2018, Plaintiff then received a Settlement Termination Letter from Trinity Financial Services, LLC stating that the Settlement Agreement dated April 12, 2011 was terminated and terms were reverted to the original Note and Deed of Trust due to the July 1, 2011 payment of $200 not having been received. This said $200 payment was in fact made by the Plaintiff on June 16, 2011 (See Exhibit I for Settlement Termination Letter) and (See Exhibit J for proof of June 16, 2011 payment)

21. On September 7, 2018, Plaintiff received a Notice of Demand and Intent to Foreclose from Trinity Financial Services, LLC. The amount to cure the default listed in the notice is $55,693.26 (See Exhibit K)

22. On October 5, 2018, Plaintiff disputed this foreclosure and any obligation to Trinity Financial Services, LLC, in writing, via USPS. (See Exhibit L)

23. Plaintiff then received a payoff balance of $240,431.99 from Trinity Financial Services, LLC on October 12, 2018, in stark contraction to the payoff balance the Plaintiff had received only 10 months earlier in the amount of $28,655.00. (See Exhibit M)

24. Plaintiff received a Notice of Trustee's Sale on October 15, 2018 stating Trinity Financial Services, LLC will be auctioning his property at 17251 N. 61st Ave., Glendale, Arizona 85308, on January 16, 2019 at 11:30 AM. (See Exhibit N)

25. On November 1, 2018, Plaintiff sent two written requests to Trinity Financial

Services, LLC via USPS Certified Mail and E-Mail, for an itemized report of the entire account history from the date of origination through current, together with all other pertinent documentation related to the account. (See Exhibit O)

26. Plaintiff has only received an account itemization from September 11, 2013 to current from Trinity Financial Services, LLC which Plaintiff disputes, despite that the second mortgage was originated on April 11, 2007. In other words, all account history to include payments made, interest rate and fees charged, etc., for the period of April 11, 2007 to September 11, 2013 is missing.

27. Plaintiff has made several follow up attempts with Trinity Financial Services, LLC for the aforementioned 6 ½ years of missing account history, and requested reasonable support documentation for their ever changing claims and payoff amounts. To date, the Defendant has not responded to Plaintiff's many inquiries.

## APPLICABLE LAWS

**CLAIM No. 1:**

Pursuant to A.R.S. §33-707 (A) "...If a mortgagee, trustee or person entitled to payment receives an amount less than full satisfaction of a mortgage or deed of trust, but has agreed in writing to release the mortgage or deed of trust, the mortgagee, trustee or person shall acknowledge release of the mortgage or deed of trust by delivering to the person making payment of the agreed amount that is less than full satisfaction or by recording a sufficient release of the mortgage or release and reconveyance of the deed of trust, which release or release and reconveyance shall contain the docket and page number or recording number of the mortgage or deed of trust..." Defendant failed to release the lien according to the Settlement Agreement dated April 12, 2011.

**CLAIM No. 2:**

Pursuant to A.R.S. § 12-548 "An action for debt shall be commenced and prosecuted within six years after the cause of action accrues, and not afterward..." Defendant claims their injury occurred on July 1, 2011 according to the Settlement Termination Letter dated May 31, 2018. Defendant failed to bring action within that six years and therefore the statute of limitations has run out.

**CLAIM No. 3:**

Defendant is in violation of 11 U.S.C. § 524 which specifically states "A discharge in a case under this title operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor…." for willfully attempting to collect a debt that was discharged in Plaintiff's bankruptcy on March 19, 2012.

## INJURIES

1. Plaintiff is a 70-year-old retired contractor in failing health, living on a fixed income and only has modest financial resources, which limits his ability to save his property from foreclosure.

2. Defendant's unlawful actions have caused and will continue to cause the Plaintiff to suffer immediate and irreparable emotional and monetary damages.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant(s), and each of them (if applicable) for the following dollars, interest, costs and expenses incurred herein, or non-monetary remedy, including reasonable attorneys' fees, and for such other and further relief as the Court may deem just and proper.

1. Grant a Preliminary Injunction and/or Temporary Restraining Order (Pursuant to A.R.S. § 12-1803(a) made a part of this Complaint) to keep the Defendants from causing further harm and proceeding any further with the Trustee's Sale of 17251 N. 61st Ave., Glendale, Arizona 85308 on January 16, 2019 at 11:30 AM.

2. For compensatory damages in an amount to be proved at trial.

3. For any and all legal fees and costs.

4. Grant such further relief as the Court may deem just and proper.

## VERIFICATION

I, Carl Durham, pursuant to Arizona Rules of Procedure, Rule 80(c), declare I am the Plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my knowledge, except as to those matters, which are therein alleged on information and belief, and as to those matters, I believe them to be true. I declare under penalty of perjury that the forgoing is true and correct.

DATED this 25 day of December, 2018.

Carl Durham

12/28/18

ARIANA LOMBARDO
Notary Public - State of Arizona
MARICOPA COUNTY
My Commission Expires
March 08, 2022

# Exhibit A

TSA TITLE AGENCY

20473 18070169

When recorded return to:
NCB, CLS BRECKSVILLE
LOCS, LOCATOR 7120
P.O. BOX 5570
CLEVELAND, OH 44101
Prepared by:
EMILY JONES, NATIONAL CITY BANK
6750 Miller Road, Brecksville, OH 44141

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
20070445348 04/17/2007 11:12
18070169-6-2-2--
ELECTRONIC RECORDING

State of Arizona — Space Above This Line For Recording Data

# DEED OF TRUST
(With Future Advance Clause)

1. DATE AND PARTIES. The date of this Deed of Trust (Security Instrument) is April 11, 2007. The parties and their addresses are:

GRANTOR: CARL DURHAM A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY

17251 N 61ST AVE GLENDALE, Arizona 85308

[X] If checked, refer to the attached Addendum incorporated herein, for additional Grantors, their signatures and acknowledgments.

TRUSTEE: National City Bank, Consumer Loan Services
P.O. BOX 5570
CLEVELAND, OH 44101

DURHAM
MORTGAGEDEED

LENDER: NATIONAL CITY BANK

44898183213 93705 xxcm534

2. CONVEYANCE. For good and valuable consideration, the receipt and sufficiency of which is acknowledged, and to secure the Secured Debt (defined below) and Grantor's performance under this Security Instrument, Grantor irrevocably grants, conveys and sells to Trustee, in trust for the benefit of Lender, with power of sale, the following described property:
SEE ATTACHED EXHIBIT

The property is located in Maricopa (County) at 17251 N 61ST AVE (Address), GLENDALE (City), Arizona 85308 (ZIP Code)

Together with all rights, easements, appurtenances, royalties, mineral rights, oil and gas rights, all water and riparian rights, ditches, and water stock and all existing and future improvements, structures, fixtures, and replacements that may now, or at any time in the future, be part of the real estate described above (all referred to as "Property"). Provided, that if Trustor shall pay in full all amounts owed under the Secured Debt at the time and in the manner provided therein, shall pay any and all other sums payable under this Deed of Trust, and shall perform as and when due all of the obligations of the Secured Debt, then, in such case, all right, title, and interest of Lender and Trustee in the Property shall terminate and become void, and Trustee, upon receipt of the written request of Lender, shall reconvey, without warranty, the Property, and the grantees in such reconveyance may be described as "the person or persons legally entitled thereto."

3. MAXIMUM OBLIGATION LIMIT. The total principal amount secured by this Security Instrument at any one time shall not exceed $ 182,700.00. This limitation of amount does not include interest and other fees and charges validly made pursuant to this Security Instrument. Also, this limitation does not apply to advances made under the terms of this Security Instrument to protect Lender's security and to perform any of the covenants contained in this Security Instrument.

4. SECURED DEBT AND FUTURE ADVANCES. The term "Secured Debt" is defined as follows:
   A. Debt incurred under the terms of all promissory note(s), contract(s), guaranty(ies) or other evidence of debt described below and all their extensions, renewals, modifications or substitutions. *(You must specifically identify the debt(s) secured and you should include the final maturity date of such debt(s).)*

Maturity Date: 4/11/2037

B. All future advances from Lender to Grantor or other future obligations of Grantor to Lender under any promissory note, contract, guaranty, or other evidence of debt executed by Grantor in favor of Lender after this Security Instrument whether or not this Security Instrument is specifically referenced. If more than one person signs this Security Instrument, each Grantor agrees that this Security Instrument will secure all future advances and future obligations that are given to or incurred by any one or more Grantor, or any one or more Grantor and others. All future advances and other future obligations are secured by this Security Instrument even though all or part may not yet be advanced. All future advances and other future obligations are secured as if made on the date of this Security Instrument. Nothing in this Security Instrument shall constitute a commitment to make additional or future loans or advances in any amount. Any such commitment must be agreed to in a separate writing.

C. All other obligations Grantor owes to Lender, which may later arise, to the extent not prohibited by law, including, but not limited to, liabilities for overdrafts relating to any deposit account agreement between Grantor and Lender.

D. All additional sums advanced and expenses incurred by Lender for insuring, preserving or otherwise protecting the Property and its value and any other sums advanced and expenses incurred by Lender under the terms of this Security Instrument.

In the event that Lender fails to provide any required notice of the right of rescission, Lender waives any subsequent security interest in the Grantor's principal dwelling that is created by this Security Instrument.

5. **DEED OF TRUST COVENANTS.** Grantor agrees that the covenants in this section are material obligations under the Secured Debt and this Security Instrument. If Grantor breaches any covenant in this section, Lender may refuse to make additional extensions of credit and reduce the credit limit. By not exercising either remedy on Grantor's breach, Lender does not waive Lender's right to later consider the event a breach if it happens again.

**Payments.** Grantor agrees that all payments under the Secured Debt will be paid when due and in accordance with the terms of the Secured Debt and this Security Instrument.

**Prior Security Interests.** With regard to any other mortgage, deed of trust, security agreement or other lien document that created a prior security interest or encumbrance on the Property, Grantor agrees to make all payments when due and to perform or comply with all covenants. Grantor also agrees not to allow any modification or extension of, nor to request any future advances under any note or agreement secured by the lien document without Lender's prior written approval.

**Claims Against Title.** Grantor will pay all taxes, assessments, liens, encumbrances, lease payments, ground rents, utilities, and other charges relating to the Property when due. Lender may require Grantor to provide to Lender copies of all notices that such amounts are due and the receipts evidencing Grantor's payment. Grantor will defend title to the Property against any claims that would impair the lien of this Security Instrument. Grantor agrees to assign to Lender, as requested by Lender, any rights, claims or defenses Grantor may have against parties who supply labor or materials to maintain or improve the Property.

**Property Condition, Alterations and Inspection.** Grantor will keep the Property in good condition and make all repairs that are reasonably necessary. Grantor shall not commit or allow any waste, impairment, or deterioration of the Property. Grantor agrees that the nature of the occupancy and use will not substantially change without Lender's prior written consent. Grantor will not permit any change in any license, restrictive covenant or easement without Lender's prior written consent. Grantor will notify Lender of all demands, proceedings, claims, and actions against Grantor, and of any loss or damage to the Property.

Lender or Lender's agents may, at Lender's option, enter the Property at any reasonable time for the purpose of inspecting the Property. Lender shall give Grantor notice at the time of or before an inspection specifying a reasonable purpose for the inspection. Any inspection of the Property shall be entirely for Lender's benefit and Grantor will in no way rely on Lender's inspection.

**Authority to Perform.** If Grantor fails to perform any duty or any of the covenants contained in this Security Instrument, Lender may, without notice, perform or cause them to be performed. Grantor appoints Lender as attorney in fact to sign Grantor's name or pay any amount necessary for performance. Lender's right to perform for Grantor shall not create an obligation to perform, and Lender's failure to perform will not preclude Lender from exercising any of Lender's other rights under the law or this Security Instrument.

**Leaseholds; Condominiums; Planned Unit Developments.** Grantor agrees to comply with the provisions of any lease if this Security Instrument is on a leasehold. If the Property includes a unit in a condominium or a planned unit development, Grantor will perform all of Grantor's duties under the covenants, by-laws, or regulations of the condominium or planned unit development.

**Condemnation.** Grantor will give Lender prompt notice of any pending or threatened action, by private or public entities to purchase or take any or all of the Property through condemnation, eminent domain, or any other means. Grantor authorizes Lender to intervene in Grantor's name in any of the above described actions or claims. Grantor assigns to Lender the proceeds of any award or claim for damages connected with a condemnation or other taking of all or any part of the Property. Such proceeds shall be considered payments and will be applied as provided in this Security Instrument. This assignment of proceeds is subject to the terms of any prior mortgage, deed of trust, security agreement or other lien document.

**Insurance.** Grantor shall keep Property insured against loss by fire, flood, theft and other hazards and risks reasonably associated with the Property due to its type and location. This insurance shall be maintained in the amounts and for the periods that Lender requires. What Lender requires pursuant to the preceding two sentences can change during the term of the Secured Debt. The insurance carrier providing the insurance shall be chosen by Grantor subject to Lender's approval, which shall not be unreasonably withheld. If Grantor fails to maintain the coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property according to the terms of this Security Instrument.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard "mortgage clause" and, where applicable, "loss payee clause." Grantor shall immediately notify Lender of cancellation or termination of the insurance. Lender shall have the right to hold the policies and renewals. If Lender requires, Grantor shall immediately give to Lender all receipts of paid premiums and renewal notices. Upon loss, Grantor shall give immediate notice to the insurance carrier and Lender. Lender may make proof of loss if not made immediately by Grantor.

Unless otherwise agreed in writing, all insurance proceeds shall be applied to the restoration or repair of the Property or to the Secured Debt, whether or not then due, at Lender's option. Any application of proceeds to principal shall not extend or postpone the due date of the scheduled payment nor change the amount of any payment. Any excess will be paid to the Grantor. If the Property is acquired by Lender, Grantor's right to any insurance policies and proceeds resulting from damage to the Property before the acquisition shall pass to Lender to the extent of the Secured Debt immediately before the acquisition.

**Financial Reports and Additional Documents.** Grantor will provide to Lender upon request, any financial statement or information Lender may deem reasonably necessary. Grantor agrees to sign, deliver, and file any additional documents or certifications that Lender may consider necessary to perfect, continue, and preserve Grantor's obligations under this Security Instrument and Lender's lien status on the Property.

6. **WARRANTY OF TITLE.** Grantor warrants that Grantor is or will be lawfully seized of the estate conveyed by this Security Instrument and has the right to irrevocably grant, convey and sell the Property to Trustee, in trust, with power of sale. Grantor also warrants that the Property is unencumbered, except for encumbrances of record.

7. **DUE ON SALE.** Lender may, at its option, declare the entire balance of the Secured Debt to be immediately due and payable upon the creation of, or contract for the creation of, a transfer or sale of all or any part of the Property. This right is subject to the restrictions imposed by federal law (12 C.F.R. 591), as applicable.

8. **DEFAULT.** Grantor will be in default if any of the following occur:
**Fraud.** Any Consumer Borrower engages in fraud or material misrepresentation in connection with the Secured Debt that is an open end home equity plan.
**Payments.** Any Consumer Borrower on any Secured Debt that is an open end home equity plan fails to make a payment when due.
**Property.** Any action or inaction by the Borrower or Grantor occurs that adversely affects the Property or Lender's rights in the Property. This includes, but is not limited to, the following: (a) Grantor fails to maintain required insurance on the Property; (b) Grantor transfers the Property; (c) Grantor commits waste or otherwise destructively uses or fails to maintain the Property such that the action or inaction adversely affects Lender's security; (d) Grantor fails to pay taxes on the Property or otherwise fails to act and thereby causes a lien to be filed against the Property that is senior to the lien of this Security Instrument; (e) a sole Grantor dies; (f) if more than one Grantor, any Grantor dies and Lender's security is adversely affected; (g) the Property is taken through eminent domain; (h) a judgment is filed against Grantor and subjects Grantor and the Property to action that adversely affects Lender's interest; or (i) a prior lienholder forecloses on the Property and as a result, Lender's interest is adversely affected.
**Executive Officers.** Any Borrower is an executive officer of Lender or an affiliate and such Borrower becomes indebted to Lender or another lender in an aggregate amount greater than the amount permitted under federal laws and regulations.

9. **REMEDIES ON DEFAULT.** In addition to any other remedy available under the terms of this Security Instrument, Lender may accelerate the Secured Debt and foreclose this Security Instrument in a manner provided by law if Grantor is in default. In some instances, federal and state law will require Lender to provide Grantor with notice of the right to cure, or other notices and may establish time schedules for foreclosure actions.
At the option of the Lender, all or any part of the agreed fees and charges, accrued interest and principal shall become immediately due and payable, after giving notice if required by law, upon the occurrence of a default or anytime thereafter. Lender shall be entitled to, without limitation, the power to sell the Property.
If there is a default, Trustee shall, at the request of the Lender, advertise and sell the Property as a whole or in separate parcels at public auction to the highest bidder for cash and convey absolute title free and clear of all right, title and interest of Grantor at such time and place as Trustee designates. Trustee shall give notice of sale including the time, terms and place of sale and a description of the Property to be sold as required by the applicable law in effect at the time of proposed sale.
Upon sale of the Property and to the extent not prohibited by law, Trustee shall make and deliver a deed to the Property sold which conveys absolute title to the purchaser. Trustee shall apply the proceeds of the sale in the following order: (1) to the costs and expenses of exercising the power of sale and the sale, including the payment of Trustee's fees, and reasonable attorney's fees actually incurred; (2) to the payment of the contract or contracts secured by this Deed of Trust; (3) to the payment of all other obligations provided in or secured by this Deed of Trust; (4) to the junior lienholders or encumbrancers in order of their priority. After payment in full to all junior lienholders and encumbrancers payment shall be made to Grantor. Lender may purchase the Property. The recitals in any deed of conveyance shall be prima facie evidence of the facts set forth therein.
The acceptance by Lender of any sum in payment or partial payment on the Secured Debt after the balance is due or is accelerated or after foreclosure proceedings are filed shall not constitute a waiver of Lender's right to require complete cure of any existing default. By not exercising any remedy on Grantor's default, Lender does not waive Lender's right to later consider the event a default if it happens again.

10. **EXPENSES; ADVANCES ON COVENANTS; ATTORNEYS' FEES; COLLECTION COSTS.** If Grantor breaches any covenant in this Security Instrument, Grantor agrees to pay all expenses Lender incurs in performing such covenants or protecting its security interest in the Property. Such expenses include, but are not limited to, fees incurred for inspecting, preserving, or otherwise protecting the Property and Lender's security interest. These expenses are payable on demand and will bear interest from the date of payment until paid in full at the highest rate of interest in effect as provided in the terms of the Secured Debt. Grantor agrees to pay all costs and expenses incurred by Lender in collecting, enforcing or protecting Lender's rights and remedies under this Security Instrument. This amount may include, but is not limited to, attorneys' fees, court costs, and other legal expenses. To the extent permitted by the United States Bankruptcy Code, Grantor agrees to pay the reasonable attorneys' fees Lender incurs to collect the Secured Debt as awarded by any court exercising jurisdiction under the Bankruptcy Code. This Security Instrument shall remain in effect until released. Grantor agrees to pay for any recordation costs of such release.

11. **ENVIRONMENTAL LAWS AND HAZARDOUS SUBSTANCES.** As used in this section, (1) Environmental Law means, without limitation, the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA, 42 U.S.C. 9601 et seq.), and all other federal, state and local laws, regulations, ordinances, court orders, attorney general opinions or interpretive letters concerning the public health, safety, welfare, environment or a hazardous substance; and (2) Hazardous Substance means any toxic, radioactive or hazardous material, waste, pollutant or contaminant which has characteristics which render the substance dangerous or potentially dangerous to the public health, safety, welfare or environment. The term includes, without limitation, any substances defined as "hazardous material," "toxic substances," "hazardous waste" or "hazardous substance" under any Environmental Law.
Grantor represents, warrants and agrees that:
A. Except as previously disclosed and acknowledged in writing to Lender, no Hazardous Substance is or will be located, stored or released on or in the Property. This restriction does not apply to small quantities of Hazardous Substances that are generally recognized to be appropriate for the normal use and maintenance of the Property.
B. Except as previously disclosed and acknowledged in writing to Lender, Grantor and every tenant have been, are, and shall remain in full compliance with any applicable Environmental Law.
C. Grantor shall immediately notify Lender if a release or threatened release of a Hazardous Substance occurs on, under or about the Property or there is a violation of any Environmental Law concerning the Property. In such an event, Grantor shall take all necessary remedial action in accordance with any Environmental Law.
D. Grantor shall immediately notify Lender in writing as soon as Grantor has reason to believe there is any pending or threatened investigation, claim, or proceeding relating to the release or threatened release of any Hazardous Substance or the violation of any Environmental Law.

12. **ESCROW FOR TAXES AND INSURANCE.** Unless otherwise provided in a separate agreement, Grantor will not be required to pay to Lender funds for taxes and insurance in escrow.

13. **JOINT AND INDIVIDUAL LIABILITY; CO-SIGNERS; SUCCESSORS AND ASSIGNS BOUND.** All duties under this Security Instrument are joint and individual. If Grantor signs this Security Instrument but does not sign an evidence of debt, Grantor does so only to mortgage Grantor's interest in the Property to secure payment of the Secured Debt and Grantor does not agree to be personally liable on the Secured Debt. If this Security Instrument secures a guaranty between

Lender and Grantor, Grantor agrees to waive any rights that may prevent Lender from bringing any action or claim against Grantor or any party indebted under the obligation. These rights may include, but are not limited to, any anti-deficiency or one-action laws. The duties and benefits of this Security Instrument shall bind and benefit the successors and assigns of Grantor and Lender.

14. **SEVERABILITY; INTERPRETATION.** This Security Instrument is complete and fully integrated. This Security Instrument may not be amended or modified by oral agreement. Any section in this Security Instrument, attachments, or any agreement related to the Secured Debt that conflicts with applicable law will not be effective, unless that law expressly or impliedly permits the variations by written agreement. If any section of this Security Instrument cannot be enforced according to its terms, that section will be severed and will not affect the enforceability of the remainder of this Security Instrument. Whenever used, the singular shall include the plural and the plural the singular. The captions and headings of the sections of this Security Instrument are for convenience only and are not to be used to interpret or define the terms of this Security Instrument. Time is of the essence in this Security Instrument.
15. **SUCCESSOR TRUSTEE.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee by an instrument recorded in the county in which this Deed of Trust is recorded. The successor trustee, without conveyance of the Property, shall succeed to all the title, power and duties conferred upon the Trustee by this Deed of Trust and applicable law.
16. **NOTICE.** Unless otherwise required by law, any notice shall be given by delivering it or by mailing it by first class mail to the appropriate party's address on page 1 of this Security Instrument, or to any other address designated in writing. Notice to one grantor will be deemed to be notice to all grantors.
17. **WAIVERS.** Except to the extent prohibited by law, Grantor waives any rights of appraisement relating to the Property.
18. **LINE OF CREDIT.** The Secured Debt includes a revolving line of credit. Although the Secured Debt may be reduced to a zero balance, this Security Instrument will remain in effect until released.
19. **APPLICABLE LAW.** This Security Instrument is governed by the laws as agreed to in the Secured Debt, except to the extent required by the laws of the jurisdiction where the Property is located, and applicable federal laws and regulations.
20. **RIDERS.** The covenants and agreements of each of the riders checked below are incorporated into and supplement and amend the terms of this Security Instrument.

[Check all applicable boxes]

☐ Assignment of Leases and Rents ☐ Other ................................................................

21. ☐ **ADDITIONAL TERMS.**

**SIGNATURES:** By signing below, Grantor agrees to the terms and covenants contained in this Security Instrument and in any attachments. Grantor also acknowledges receipt of a copy of this Security Instrument on the date stated on page 1.

(Signature) CARL DURHAM *Carl R Durham* (Date) *4/12/07* (Signature) (Date)

**ACKNOWLEDGMENT:**

STATE OF *Arizona*, COUNTY OF *Maricopa* }ss.

(Individual) This instrument was acknowledged before me this *12th* day of *April, 2007*

by *Carl Durham*

My commission expires: *08-17-09* *Matthew Timothy*

(Notary Public)

OFFICIAL SEAL
MATTHEW TIMOTHY
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Aug. 17, 2009

**REQUEST FOR RECONVEYANCE**
(Not to be completed until paid in full)

**TO TRUSTEE:**

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel this Deed of Trust, which is delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

(Authorized Lender Signature) Date

# SIGNATURE ADDENDUM TO SECURITY INSTRUMENT

Definition: "Security Instrument." The Deed of Trust, Mortgage, Trust Deed, Deed to Secure Debt or Security Deed given to secure the debt to the Lender of the same date.

Mortgagor(s)/Borrower(s) on Security Instrument:
CARL DURHAM

Property Address:
17251 N 61ST AVE
GLENDALE Arizona 85308

Lender: National City Bank

Lender Reference Number: 0005496679

**ADDITIONAL SIGNATURES:** By signing below, Grantor(s) / Mortgagor(s) / Trustor(s) / Settlor(s) agrees to the terms and covenants contained in the Security Instrument and in any attachments. Grantors(s) / Mortgagor(s) / Trustor(s) / Settlor(s) also acknowledges receipt of a copy of the Security Instrument.

NON-APPLICANT SPOUSE, OR NON-APPLICANT INDIVIDUAL WITH OWNERSHIP INTEREST IN PROPERTY: ADDITIONAL BORROWERS

Terese Durham 4-13-07
TERESE DURHAM Date ______________________ Date

______________________ Date ______________________ Date

______________________ Date

ACKNOWLEDGMENT:
STATE OF Arizona, COUNTY OF Maricopa )ss.
On this 13 day of April before me Megan Kelley
a notary public, personally appeared Terese Durham
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/here/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal:

Signature Megan Kelley

Name (typed or printed):

MEGAN KELLEY
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Commission Expires
March 29, 2008

My commission expires:
29 March 08

SIGNADD1 (4/2006)

## Exhibit A

The North half of the West half of Lot 18, Section 31, Township 4 North, Range 2 East of the Gila and Salt River Base and Meridian, Maricopa County, Arizona;

EXCEPT all coal, oil, gas and other mineral deposits as reserved in Patent from the United States of America.

MORTGAGEDEED_A

4498816321393708

# Exhibit B

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
20150808029 11/10/2015 04:58
ELECTRONIC RECORDING

2444955-1-2-1--
Hoyp

Recording Requested By

Prepared By PNC Bank N.A.

When recorded mail to
Brown & Associates
2218 Southmore
Pasadena, TX 77502

Case Nbr 11133944
Ref Number 8321393705
Property Address
17251 N 61ST AVE
GLENDALE, AZ 85308
AZD-ADT 8/12/2010

This space for Recorder's use Record 1st

NCC ID# 4293 DBI ID# 147281
3456015

# ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is 6750 Miller Road, Brecksville OH 44141 does hereby grant, sell, assign, transfer and convey unto Dreambuilder Investments, LLC whose address is ____________ all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust

Original Lender NATIONAL CITY BANK
Borrower(s) CARL DURHAM A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY
Original Trustee National City Bank
Date of Deed of Trust 4/11/2007 Original Loan Amount $161,700.00

Recorded in Maricopa County, AZ on 4/17/2007, book N/A, page N/A and instrument number 20070445346

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on 8/12/2010

PNC BANK, N.A. SUCCESSOR BY MERGER TO NATIONAL CITY BANK

By [signature]
Debra Shealy, President

State of SC, County of Lexington

The foregoing instrument was acknowledged before me, a Notary Public, on 8/12/2010 by Debra Shealy, President of PNC BANK, N.A. SUCCESSOR BY MERGER TO NATIONAL CITY BANK on behalf of the corporation.

[signature]
Notary Public Michelle B. Wyman
My Commission Expires 7/24/2017

[Notary seal]

# Exhibit C

4489761832139 3205 DBI 17 18 10
Cgmrc11-021-2 Snwct
CCS
cm

**CONTINGENT COMPROMISE SETTLEMENT AGREEMENT**

THIS CONTINGENT COMPROMISE AGREEMENT (the "Agreement") is entered into by and among Citigroup Global Markets Realty Corp. ("CGMRC") on one hand and Carl Durham (Borrower) on the other. These persons and entities may sometimes be collectively referred to as the parties. This Agreement is based upon the following recitals.

**RECITALS** 10-147281-19 BLC

A. BSI Financial Services, INC. ("Servicer") is the loan servicer, and CGMRC is the owner of that mortgage loan (the "Loan") identified as Servicer Loan No.~~15-336804-12~~. The Loan was memorialized in a Note (the "Note") in the amount of $182,700.00 executed by Borrower(s) on April 11, 2007 in favor of National City Bank. and was secured by the real property located at 17251 N 61st Ave. Glendale, AZ 85308 (hereinafter "Subject Property"). The Loan's security was memorialized in a Deed of Trust dated April 11, 2007 on the Subject Property ("Mortgage"), in the amount of $182,700.00 executed by Borrower(s), in favor of National City Bank.

B. The Mortgage constituted a lien on the Subject Property, which lien was released pursuant to the acceptance of a settlement on the Subject Property, the terms of which were memorialized in a settlement letter agreement ("Settlement Agreement") dated April 12, 2011. Pursuant to the terms of the Settlement Agreement, Borrower still owes the amount outstanding under the terms of the Note, which, as of the date of this Agreement, is $196,122.93. This amount includes the unpaid principal balance of $182,510.02, plus interest thereon due and unpaid, corporate advances for property taxes and/or homeowners insurance and attorney's fees and costs good through May 13, 2011.

**NOW, THEREFORE,** in consideration of the terms, conditions and covenants contained herein, and in the above Recitals, the parties agree and covenant as follows:

1. The foregoing Recitals are deemed a material part of the Agreement and are incorporated into the terms, conditions, covenants, and provisions of this Agreement.

2. Borrower agrees to pay the sum of **$10,000.00**, in one lump sum, to be received by Servicer or such other person as [CGMRC/Servicer] may designate. All sums should be remitted no later than 3 p.m. on **May 13, 2011** in the form of guaranteed funds (certified check, cashiers check or money order and payments should be remitted to BSI Financial Services, Inc at 314 S Franklin St Titusville, PA 16354.

3. Borrower(s) agrees to pay **$20,000.00**of the current unpaid principal balance, plus interest thereon at a rate of Zero % per annum, over a term of 24 months. Borrower(s) will pay said sum by remitting a principal and interest installment payment each month in the amount of **$200.00**. The first installment must be received by Servicer no later than 3:00 P.M. Eastern Time, **June 1, 2011**. Borrower(s) will continue to pay these payments on the same date of each month until all the principal and interest (and any other charges owed pursuant to this Agreement) are paid in full. If on **May 1, 2013** any sums due hereunder are still outstanding, those sums must be paid in full on that date. All payments must be in the form of guaranteed funds (Certified Check, Cashiers Check or Money Order) made payable to the Servicer or such other person as [CGMRC/Servicer] may designate. All payments should be remitted to BSI Financial Services, INC at 314 S Franklin St Titusville, PA 16354.

Borrower(s) Initials: CD ________ ________ ________

4. Contingent on the Borrower(s) timely payment of all sums referenced in Paragraph 2 and Paragraph 3 above, CGMRC agrees to compromise the amount due on the Note, as set forth in Recital Paragraph B, hereinabove, and accept the sum paid pursuant to Paragraph 2 and Paragraph 3 as sufficient to discharge the obligation represented by the Deed of Trust as set forth in Recital Paragraph A.

5. This Agreement shall be of absolutely no force or effect, and no action will be taken by Servicer to cease collection activities unless Servicer has received this Agreement, as fully executed and initialed by the Borrower(s), before 3pm Eastern Time on **May 13, 2011**. This Agreement is not considered "received" by Servicer unless and until it has been delivered to BSI Financial Services, INC 314 S Franklin St Titusville, PA 16354, and internally date stamped.

6. Any failure by Borrower(s) to timely make a payment required hereunder shall result in termination of this Agreement, at the option of CGMRC without further notice to Borrower(s). If this Agreement is terminated, CGMRC shall be entitled to pursue its remedies pursuant to the terms and conditions of the Note as if this Agreement had never existed. CGMRC's waiver of a breach by Borrower(s) shall not be construed as a waiver of any subsequent breach or failure of the same term or condition or a waiver of any other term or condition in this Agreement, nor shall it establish or evidence any course of dealing between the parties. All of Borrower(s)' rights and responsibilities under, and all of the terms and conditions of the Note shall remain in full force and effect except as expressly modified by this Agreement. Nothing contained in this Agreement shall be construed to impair CGMRC's rights or powers to recover any sum due under the terms of the Note, including any arrearage and additional costs such as attorney's fees.

7. Borrower(s) hereby agree that they have no right of set-off or counterclaim against CGMRC or Servicer, or any defense to the obligations of the Note.

8. The parties expressly warrant and represent that they have had an opportunity to consult legal counsel and a tax advisor prior to the execution of this Agreement and enter into this Agreement with full knowledge of its meaning, effect and potential tax consequences.

9. To the extent that any word, phrase, clause, or sentence of this Agreement shall be found to be illegal or unenforceable for any reason, such word, phrase, clause, or sentence shall be modified or deleted in such a manner so as to make the Agreement, as so modified, legal and enforceable under applicable law, provided that should such modification or deletion materially diminish the benefit of this Agreement to either CGMRC, in its sole discretion and election, or Borrower(s), in their sole discretion and election, the Agreement shall, only after written notice given by the electing party to the other party, be of no force or effect and the relationship of CGMRC and Borrower(s) shall be entirely governed by the provisions of the Note.

10. The parties expressly understand, acknowledge and agree that time is of the essence of this Agreement, in particular the receipt by Servicer of this Agreement, as executed by Borrower(s) and the sums due hereunder.

11. The parties expressly understand, acknowledge and agree that the terms, clauses, conditions and provisions of this Agreement are binding upon and shall inure to the benefit of all assigns, successors-in-

Borrower(s) Initials: CH ________ ________ ________

interest, personal representatives, estates, administrators, heirs, devisees, and legatees of each of the parties hereto.

12. The parties expressly understand, acknowledge and agree that irrespective of its place of execution or performance, this Agreement shall be construed in accordance with and be governed by the laws of the State of Arizona.

13. The parties expressly understand, acknowledge and agree that, except as is otherwise provided for herein, this Agreement constitutes the entire agreement between the parties with reference to the subject matter hereof, and supersedes any prior agreement, oral or written, with respect thereto. The parties further agree that no representations, warranties, agreements or covenants have been made with regard to this Agreement; and that in entering into this Agreement no party is relying upon any representation, warranty, agreement, or covenants not set forth herein.

14. The parties expressly understand, acknowledge and agree that they may take any action in law or equity required to enforce their rights under this Agreement. The prevailing party shall be awarded such sum as the court adjudges reasonable to compensate said party for its attorney fees and costs so incurred.

15. The parties expressly understand, acknowledge and agree that this Agreement may be signed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same Agreement.

Under penalty of perjury you certify that:

1. The sale of the property is an "arm's length" transaction, between parties who are unrelated and unaffiliated by family, marriage, or commercial enterprise;

2. There are no agreements or understandings between you and the Buyer that you will remain in the property as a tenant or later obtain title or ownership of the property;

3. Neither you or the Buyer will receive and funds or commissions from the sale of the property;

4. There are no agreements or offers relating to the sale or subsequent sale of the property that have not been disclosed to the Servicer; and

5. If you have a real estate license you may not have any arrangements to receive a portion of the commission or the sales price after closing.

IN WITNESS WHEREOF, the undersigned have set their hands hereunto as of the date written below.

Borrower(s) Initials: ____ ____ ____ ____

Carl Durham Date: 4/14/11

Wendy Kay Becker 4.14.11

Wendy Kay Becker
Notary Public-State of Arizona
Maricopa County
My Comm. Expires 11-01-2013

**CITIGROUP GLOBAL MARKETS REALTY CORP.**
**By BSI Financial Services, Inc., its Attorney in Fact**

By: ______________________ Date: 4-18-11
Printed name: Tara L Spangler
Title: loss mitigation

SPACE BELOW FOR NOTARIAL ACKNOWLEDGMENT OF BORROWER SIGNATURE(S)
(ALTERNATIVELY, NOTARIAL ACKNOWLEDGMENTS MAY BE ATTACHED HERETO)

This is an attempt to collect a debt and any information obtained will be used for that purpose.
Disclaimer: Licensed as Servis One, Inc. in the State of Florida
Licensed as BSI Financial Services in the State of Wisconsin

Borrower(s) Initials: ______ ______ ______ ______

# Exhibit D

DESERT SCHOOLS

Post Office Box 2945
Phoenix, Arizona 85062-2945
desertschools.org
(602) 433-7000

**CASHIERS CHECK**

CASHIERS CHK

No. 3590002318

DATE 4/21/2011
TIME 10:04:37

PAY
MOUNT ***$10,000.00

TILL 5913
TELLER ID 1627
BRANCH 059
ACCOUNT 1078031080

TO THE ORDER OF BSI FINANCIAL SERVICES

In accordance with federal guidelines and Desert Schools procedures, a stop payment may not be placed on a Cashiers Check. If a Cashiers Check is lost, stolen or destroyed, a 90-day waiting period will apply before the item may be reissued. Purchaser initials: ___________

RE: CARL DURHAM

Purchaser Signature: ___________________________

**PURCHASER COPY**
**RETAIN FOR YOUR RECORDS**

# Exhibit E

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

District of Arizona
Case No. 2:11-bk-31945-SSC
Chapter 7

In re Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

CARL R. DURHAM
17251 N. 61ST AVE.
GLENDALE, AZ 85308

TERESE M. DURHAM
17251 N. 61ST AVE.
GLENDALE, AZ 85308

Social Security / Individual Taxpayer ID No.:
xxx-xx-2760    xxx-xx-7155

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: 3/19/12

Sarah Sharer Curley
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

# Notice Recipients

District/Off: 0970-2 User: admin Date Created: 03/19/2012
Case: 2:11-bk-31945-SSC Form ID: b18 Total: 70

**Recipients of Notice of Electronic Filing:**

aty ADAM B. NACH adam.nach@azbar.org
aty JAMES J SHIVELY shively@poliball.com
aty JEFFREY D. WOLFE jwolfe@maceybankruptcylaw.com
aty ROSE ANNA CISNEROS OGAKI rogaki@maceybankruptcylaw.com
aty STUART J RODGERS stuart.rodgers@lane-nach.com

TOTAL: 5

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

db CARL R. DURHAM 17251 N. 61ST AVE. GLENDALE, AZ 85308
jdb TERESE M. DURHAM 17251 N. 61ST AVE. GLENDALE, AZ 85308
tr S. WILLIAM MANERA 2025 N THIRD ST #152 PHOENIX, AZ 85004
cr SYSTEMS &SERVICES TECHNOLOGIES, INC POLI &BALL, PLC 2999 N 44TH ST #500 PHOENIX, AZ 85018
smg AZ DEPARTMENT OF REVENUE BANKRUPTCY &LITIGATION 1600 W. MONROE, 7TH FL. PHOENIX, AZ 85007-2650
10958957 ALLIED INTERSTATE INC DATA OPERATIONS. CHANDLER AZ 85244
10958961 AZ Spine 333 W. Thomas, Suite 202 Phoenix AZ 85013
10958956 Alliance One Receivables Management 4850 St. Rd. Suite 300 Feasterville Trevose PA 19053
10958958 Allied Storage Containers PO Box 519 2901 S. Riverside Avenue Colton CA 92324
11219473 American InfoSource LP as agent for T Mobile/T-Mobile USA Inc PO Box 248848 Oklahoma City, OK 73124-8848
10958959 Apache County Treasurer P.O. Box 699 Saint Johns AZ 85936
10976969 Arizona Department of Revenue 1600 W Monroe Phoenix AZ 85007-2650
10958960 Aspen Dental 5940 W Union Hills Dr. Suite F110 Glendale AZ 85308
10958964 BANK OF AMERICA ATTN: BANKRUPTCY NC4-105-03-14 PO BOX 26012 GREENSBORO NC 27410
10958965 BANK OF AMERICA PO BOX 17054 WILMINGTON DE 19850
10958966 BSI Financial P.O. Box 517 Titusville PA 16354
10958967 BUREAU OF MED ECONCS 326 E CORONADO RD PHOENIX AZ 85004
10958962 Banfield 7290 W Bell Rd Glendale AZ 85308
10958963 Bank Of Americ P.O. Box 60069 City Of Industry CA 91716-0069
10958968 CAPITAL ONE BANK 11013 W. BROAD ST. GLEN ALLEN VA 23060
10958970 CB &COLL OF HIGH CNTR 1757 W JACKSON LN LAKESIDE AZ 85929
10958971 CHASE PO BOX 15298 WILMINGTON DE 19850
11092164 Capital One Bank (USA), N.A. PO Box 71083 Charlotte, NC 28272-1083
10958969 Capital One, N.a. C/O AMERICAN INFOSOURCE PO BOX 54529 OKLAHOMA CITY OK 73154
10958972 Chase Bank P.O. Box 15583 Wilmington DE 19886-1194
10958973 Client Services, Inc. 3451 Harry Truman Blvd. Saint Charles MO 63301-4047
10958974 Collection Agency of the High Country In 2976 W. White Mtn. Blvd. Lakeside AZ 85929
10958975 Credit Collection Services Two Wells Ave. Newton Center MA 02459
10958976 DESERT SCHOOLS FCU PO BOX 2945 PHOENIX AZ 85062
10958980 DVRA BILLING 5620 PASCO DEL NORTE #127-233 CARLSBAD CA 92008
10958977 Direct TV P.O. Box 78626 Phoenix AZ 85062-8626
11070453 Discover Bank DB Servicing Corporation PO Box 3025 New Albany, OH 43054-3025
10958978 Discover Fin ATTENTION: BANKRUPTCY DEPARTMENT PO BOX 3025 NEW ALBANY OH 43054
10958979 Dr. Richard Feldhake &Assoc. 5310 W. Thunderbird Ave. Glendale AZ 85306-4709
10958981 Enhanced Recovery Co. LLC 8014 Bayberry Rd. Jacksonville FL 32256-7412
10958982 Experian 475 Anton blvd. Costa Mesa CA 92626
10958983 F.C.B. 2775 Cruse Rd. Suite 701 Lawrenceville GA 30044-7140
11120649 FIA CARD SERVICES, N.A. PO Box 15102 Wilmington, DE 19886-5102
10958984 Financial Corp of Austin 12515 Research Blvd. Austin TX 78759
10958985 GRANT &WEBER 14795 N 78TH WAY STE 800 SCOTTSDALE AZ 85260
10976970 Internal Revenue Service P.O. BOX 7346 PHILADELPHIA, PA 19101-7346
10958986 J R BROTHERS FINANCE I 10000 N 31ST AVE STE D20 PHOENIX AZ 85051
10958987 John Maslak, DDS 4901 W. Bell Road #1 Glendale AZ 85308
10958988 KENNETH EISEN &ASSOC 777 E MISSOURI AVE STE 1 PHOENIX AZ 85014
10958989 M &I Bank P.O. Box 1111 Madison WI 53701
10958990 MARSHALL &ILSLEY BANK ATTN: BANKRUPTCY 770 N WATER ST MILWAUKEE WI 53202
10958991 MRS Associates, Inc 1930 Olney, Ave. Cherry Hill NJ 08003
11080603 Midland Credit Management, Inc. 8875 Aero Drive, Suite 200 San Diego, CA 92123
11088372 Navopache Electric PO Box 2140 Lakeside, Az 85929
10958994 PNC MORTGAGE 3232 NEMARK DR MIAMISBURG OH 45342
10958992 Plate Pass LLC PO Box 59995 Phoenix AZ 85076-9995
10958993 Plaza Recovery Associates P.O. Box 18008 Hauppauge NY 11788-8808

10958995 RGS Financial P.O. Box 852039 Richardson TX 75085-2039
10958996 SST/JPMC 4315 PICKETT RD ST JOSEPH MO 64503
11039420 SYSTEMS &SERVICES TECHNOLOGIES, INC POLI &BALL, PLC 2999 N 44TH ST #500 PHOENIX, AZ 85018
10958997 State Recovery Systems, Inc. PO Box 2860 2951 Sunrise Blvd., Suite 100 Rancho Cordova CA 95742-7201
10958998 Sunhaven Financial 116 N. Roosevelt Suite 112 Chandler AZ 85226
10958999 Superior Asset Management 1000 Abernathy Rd. Suite 165 Atlanta GA 30328
11180402 Systems &Services Technologies, Inc. 9441 LBJ Freeway, Suite 350 Dallas, Texas 75243
10959000 Systems &services Technologies, Inc. P.O. Box 790079 Saint Louis MO 63179-0079
10959001 T Mobile PO Box 790047 Saint Louis MO 63179-0047
11109610 VACTION NETWORK FEDERATED COLLECTIONS 2775 CRUSE RD STE 701 LAWRENCEVILLE, GA 30044
11109570 VACTION NETWORK FEDERATED VACTIONS 2775 CUSE RD STE 701 LAWRENCEVILLE, GA 30044
10959002 WELLS FARGO P.O. BOX 5445 PORTLAND OR 97228
10959003 West Valley Naturopathic Center, LLC 10320 W. McDowell Rd. Avondale AZ 85323

TOTAL: 65

# Exhibit F

# Plaintiff's Trans Union Credit Corporation Credit Report

# Dated December 17, 2018

TransUnion

## Satisfactory Accounts

The following accounts are reported with no adverse information. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

**BANK OF AMERICA #7497564571******
PO BOX 982238
EL PASO, TX 79998-2235
(800) 421-2110

| | | | | | |
|---|---|---|---|---|---|
| **Date Opened:** | 04/11/2008 | **Balance:** | $0 | **Pay Status:** | Current; Paid or Paying as Agreed |
| **Responsibility:** | Individual Account | **Date Updated:** | 05/17/2011 | **Date Closed:** | 05/08/2009 |
| **Account Type:** | Revolving Account | **Payment Received:** | $0 | | |
| **Loan Type:** | LINE OF CREDIT | **High Balance:** | $0 | | |
| | | **Credit Limit:** | $15,000 | | |

**Remarks:** CLOSED BY CREDIT GRANTOR

| | 04/2011 | 03/2011 | 02/2011 | 01/2011 | 12/2010 | 11/2010 | 10/2010 | 09/2010 | 08/2010 | 07/2010 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | X | X | X | X | X | X | X |

| | 06/2010 | 05/2010 | 04/2010 | 03/2010 | 02/2010 | 01/2010 | 12/2009 | 11/2009 | 10/2009 | 09/2009 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | N/R | N/R | N/R | N/R | N/R | N/R | N/R | N/R |

| | 08/2009 | 07/2009 | 06/2009 | 05/2009 | 04/2009 | 03/2009 | 02/2009 | 01/2009 | 12/2008 | 11/2008 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | N/R | N/R | N/R | OK | X | X | X | X | X | X |

| | 10/2008 | 09/2008 | 08/2008 | 07/2008 | 06/2008 | 05/2008 |
|---|---|---|---|---|---|---|
| Rating | X | X | X | X | X | X |

**BSI FINANCIAL SERVICES #161472******
PO BOX 517
314 S FRANKLIN ST
TITUSVILLE, PA 16354-0517
(800) 327-7861

| | | | | | |
|---|---|---|---|---|---|
| **Date Opened:** | 04/18/2007 | **Balance:** | $0 | **Pay Status:** | Current; Paid or Paying as Agreed |
| **Responsibility:** | Individual Account | **Date Updated:** | 10/14/2011 | **Terms:** | $200 per month, paid Monthly for 24 months |
| **Account Type:** | Installment Account | **Payment Received:** | $0 | **Date Closed:** | 10/14/2011 |
| **Loan Type:** | UNSECURED | **Last Payment Made:** | | | |
| | | **High Balance:** | $182,700 | | |

**Remarks:** TRANSFERRED TO ANOTHER LENDER; TRANSFERRED TO ANOTHER OFFICE

| | 09/2011 |
|---|---|
| Rating | OK |

**[illegible] ASSOC #52893******
PO BOX 81315
CLEVELAND, OH 44181-0315
(800) 321-3950

| | | | | | |
|---|---|---|---|---|---|
| **Date Opened:** | 07/26/2018 | **Date Updated:** | 12/07/2018 | **Pay Status:** | Current; Paid or Paying as Agreed |

# Plaintiff's Experian Credit Report

## Dated December 17, 2018

| 2011 | | | | 2010 | | | | 2009 | | | | 20( | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| JAN | FEB | MAR | APR | JAN | FEB | MAR | APR | JAN | FEB | MAR | APR | JAN | FEB |
| ND | ND | ND | ND | ND | ND | ND | ND | ND | OK | OK | OK | | |
| MAY | JUN | JUL | AUG | MAY | JUN | JUL | AUG | MAY | JUN | JUL | AUG | MAY | JUN |
| CLS | | | | ND | ND | ND | ND | CLS | ND | ND | ND | ND | ND |
| SEP | OCT | NOV | DEC | SEP | OCT | NOV | DEC | SEP | OCT | NOV | DEC | SEP | OCT |
| | | | | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |

**Historical Information**

| | |
|---|---|
| First Reported | 03/2008 |

**Contact Info**

| | |
|---|---|
| Phone Number | (800) 421-2110 |
| Address | PO BOX 982238 EL PASO, TX 79998 |

**Comment**

Account closed at credit grantor's request.

## BSI FINANCIAL SERVICES

| | | |
|---|---|---|
| Account Name | BSI FINANCIAL SERVICES | Balance |
| Account Number | 161472XXXX | Balance Updated |
| Account Type | Unsecured | Recent Payment Amount |
| Responsibility | Individual | Monthly Payment |
| Date Opened | 04/18/2007 | Original Balance |
| Status | Transferred,closed/Never late. | Highest Balance |
| Status Updated | 01/29/2012 | Terms |
| | | On Record Until |

**Payment History**

LEGEND (OK) Current on payments (ND) No data for this time period (CLS) Closed

| 2012 | | | | 2011 | | | |
|---|---|---|---|---|---|---|---|
| JAN | FEB | MAR | APR | JAN | FEB | MAR | APR |
| CLS | | | | | | | OK |
| MAY | JUN | JUL | AUG | MAY | JUN | JUL | AUG |
| | | | | OK | OK | ND | ND |
| SEP | OCT | NOV | DEC | SEP | OCT | NOV | DEC |
| | | | | OK | OK | OK | OK |

# Exhibit G

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
20150808030 11/10/2015 04:58
ELECTRONIC RECORDING

2444955-2-2-2--
Hoyp

Recording Requested By:
DREAMBUILDER INVESTMENTS, LLC

When Recorded Return To:

Brown & Associates
2316 Southmore
Pasadena, TX 77502

GROUP
) 65696

Record 2nd

345615

## CORPORATE ASSIGNMENT OF DEED OF TRUST

Maricopa, Arizona REFERENCE #: DBI-167278 "DURHAM"
INVESTOR #:

Assignment Prepared on: August 20th, 2015

Assignor: DREAMBUILDER INVESTMENTS, LLC at 30 WALL STREET, 8th Floor, NEW YORK, NY 10005.
Assignee: TRINITY FINANCIAL SERVICES, LLC at 2618 SAN MIGUEL DR, STE 303, NEWPORT BEACH, CA 92660.

Executed By: CARL DURHAM A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY To: NATIONAL CITY BANK
Date of Deed of Trust: 04/11/2007 Recorded: 04/17/2007 as Instrument No.: 20070445348 In Maricopa County, State of Arizona.

Property Address: 17251 N 61ST AVE, GLENDALE, AZ 85308

KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and NO/100ths DOLLARS and other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Deed of Trust having an original principal sum of $182,700.00 with interest, secured thereby, together with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial interest under the Deed of Trust

TO HAVE AND TO HOLD the said Deed of Trust, and also the said property unto the said Assignee forever, subject to the terms contained in said Deed of Trust IN WITNESS WHEREOF, the assignor has executed these presents the day and year first above written:

DREAMBUILDER INVESTMENTS, LLC
On August 20th, 2015

By: [signature]
Tara Newton, Assistant Vice President

*KAO*KADAMRO*08/18/2015 01 60 00 PM* AMSCCOAMRCADCCCCCCCCCCCCC38484841* AZMARIO* DBI-167278 AZDTATE_TRUST_ASSIGN_ASSN *1345RD*

20150808030

CORPORATE ASSIGNMENT OF DEED OF TRUST Page 2 of 2

STATE OF MISSOURI
COUNTY OF STONE

On August 20th, 2015, before me, SUZETTE HAMMOCK, a Notary Public in and for STONE in the State of MISSOURI, personally appeared Tara Newton, Assistant Vice President, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

SUZETTE HAMMOCK
Notary Expires: 05/17/2019 #15635452

SUZETTE HAMMOCK
My Commission Expires
May 17, 2019
[illegible] County
Commission #15635452

(This area for notarial seal)

[illegible] AZSTATE_TRUST_ASSIGN_ASSN [illegible]

# Exhibit H

TRINITY
FINANCIAL SERVICES LLC

1/5/2018

Via UPS Mail

Carl Durham
17251 N 61st Ave
Glendale, AZ 85308

In re: Borrower: Carl Durham
Property: 17251 N 61st Ave
Glendale, AZ 85308

Dear Mr. Durham:

On August 28, 2015, Trinity Financial Services, LLC received the ownership and servicing rights to your loan originated with National City Bank.

As requested in your phone conversation on January 3, 2018, please find the enclosed documents:

1. Recorded Deed of Trust dated April 11, 2007
2. Equity Reserve Agreement – National Home Equity dated April 11, 2007
3. Recorded Assignments of Deed of Trusts
4. Payoff & Reinstatement Calculations

The outstanding amount as of 1/11/2018 of this loan is $28,655.00. It is our desire to work with you amicably to attain a mutually acceptable arrangement to satisfy this account. If you want us to help you rectify this situation, please call me directly at (855) 818-6806 to discuss available options.

If you have any questions, do not hesitate to contact me.

David Vo
Loss Mitigation
Trinity Financial Services, LLC

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

# Exhibit I

TRINITY

May 31, 2018

Carl Durham
17136 West Young
Surprise, AZ 85388

VIA CERTIFIED MAIL

RE: **Property located at: 17251 N 61st Ave**
**Glendale, AZ 85305**
**Your Loan Number: 1500021803**
**Lender: Trinity Financial Services, LLC**

**SETTLEMENT TERMINATION LETTER**

To Whom It May Concern:

Trinity Financial Services, LLC, the owner and holder of the note and mortgage on the above-referenced property.

On or about April 18, 2011, you entered into a contingent compromise settlement agreement (hereinafter referred to as "Settlement Agreement") with the previous servicer, BSI Financial Services, Inc. in which you agreed to pay $200.00 a month for the next 24 months. You defaulted on that Settlement Agreement by failing to pay the July 1, 2011 payment when due and failed to comply with the terms of the Settlement Agreement. Under paragraph 6 of the Settlement Agreement, the agreement is now terminated, and the terms reverted back to the original terms of the Note and Deed of Trust. This notice is being sent in compliance with the applicable rules and regulations required by law, including but not limited to the Equal Credit Opportunity Act. This letter serves as a formal Termination of the Settlement Agreement.

If you wish to discuss the reasons for the cancellation of the Settlement Agreement, you may contact your Lender, Trinity Financial Services, LLC with a mailing address of 2618 San Miguel Drive, Suite 303, Newport Beach, CA 92660. You may also call your Servicer at 1-855-818-6806. Otherwise, Lender shall proceed with efforts to enforce the terms of the Note and Mortgage for payment of this account.

Sincerely,

Trinity Financial Services, LLC

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

TRINITY
FINANCIAL SERVICES LLC

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.**

**California Residents:**
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov

**Colorado Residents:**
A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE, WWW.COAG.GOV/CAR

Constar Colorado Office: 2953 S Peoria St Suite 200 Aurora, CO 80014 303-500-5537 Hours: 9am – 5pm Monday through Friday

**Massachusetts Residents:**
You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to this agency.

**New York Residents:**
This collection agency is licensed in New York City, License # 1223510.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: a) the use or threat of violence; b) the use of obscene or profane language; and c) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.

**Phone: 855.818.6806 | Fax: 855.881.4499 | 2618 San Miguel Drive, Suite 303, Newport Beach, CA 92660**

www.TrinityFS.com

TRINITY
FINANCIAL SERVICES LLC

**North Carolina:**
North Carolina Department of Insurance Permit #112476.

**Tennessee**
This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance, James Robertson Parkway, Nashville, Tennessee 37243.

**Texas**
Complaints regarding the servicing or your mortgage should be sent to the department of savings and mortgage lending, 2601 N. Lamar Blvd., suite 201, Austin TX 78705. A toll-free consumer hotline is available at (800) 276-5550."

**West Virginia**
The activities of collection agencies in West Virginia are regulated by the Attorney General's Consumer Protection Division, 812 Quarrier St., Charleston, WV 25301. Federal law prohibits agencies from contacting you about your debt if you send a letter requesting that all contacts stop.

**Wisconsin**
This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org. P.O. Box 7876, Madison, Wisconsin 53707.

**Utah Residents**
As required by Utah law, you are hereby notified that a negative credit report reflecting on our credit report may be submitted to a credit-reporting agency if you fail to fulfill the terms of your credit obligations.

**NOTICE TO DEBTOR(S) IN BANKRUPTCY:** This paragraph is a special notice to our customers who have filed a petition for protection under the United States Bankruptcy Code. Unless you have signed a reaffirmation agreement with the lender, and that agreement has been filed with the bankruptcy court (and not subsequently rescinded or disallowed in accordance with the Bankruptcy Code), you should disregard all portions of this letter which state or suggest that you still have a personal liability to pay the lender. You may wish to consult with an attorney regarding this letter, your bankruptcy and the ability of the lender to enforce its lien on collateral, if any. If you have obtained a discharge under the Bankruptcy Code this letter is for informational purposes or to protect our interests in any collateral.

# Exhibit J

Primary Account: 2518725214
Page 2 of 3
Enclosures 0 31
Jun 01, 2011 to Jun 30, 2011

**BBVA Compass**

LA JOLLA CONSTRUCTION

## Business Bto Checking
## 2518725214

## LA JOLLA CONSTRUCTION
## CARL ROSS DURHAM

### Deposit Account Recap

| | | |
|---|---|---|
| Beginning Balance as of June 1, 2011 | | 2,000.00 |
| 1 Deposits | (Plus) | 30.00 |
| 16 Withdrawals | (Minus) | 1,960.87 |
| Ending Balance as of June 30, 2011 | | 69.13 |

### Account Checks by Serial Number

| Serial | Date | Amount | Serial | Date | Amount |
|---|---|---|---|---|---|
| 91 | Jun 06 | 430.00 | 92 | Jun 06 | 250.00 |

### Deposits and Other Credits

| Date | Serial # | Amount | Description |
|---|---|---|---|
| Jun 08 | | 30.00 | CREDIT FOR CHECKCARD 9422160878 06/06/11 MARVEL NORTH PHOENIX AZ |

### Withdrawals and Other Debits

| Date | Amount | Description |
|---|---|---|
| Jun 03 | 159.05 | DEBIT MEMO |
| Jun 10 | 61.65 | PURCHASE FROM DDA - KMART / INTLK 07744634 06/10/11 CARD 9422160878 POS -AT KMART 72 GLENDALE AZ |
| Jun 10 | 55.00 | PURCHASE FROM DDA - CHEVRON/QUICK / INTLK IN3040 06/10/11 CARD 9422160878 POS -AT CHEVRON/QUICK CONV GLENDALE AZ |
| Jun 13 | 515.00 | DEBIT/ FOR CHECKCARD 9422160878 06/11/11 DTH MU ZAPOPAN JAL 3% ISF APPLIED |
| Jun 14 | 10.43 | DEBIT/ FOR CHECKCARD 9422160878 06/13/11 PUERTO PENASCO PTO PENASCO S 3% ISF APPLIED |
| Jun 15 | 32.47 | DEBIT/ FOR CHECKCARD 9422160878 06/13/11 BODEGA AUR PTO PENASCO PTO PENASCO S 3% ISF APPLIED |
| Jun 16 | 31.40 | DEBIT/ FOR CHECKCARD 9422160878 06/14/11 BODEGA AUR PTO PENASCO PTO PENASCO S 3% ISF APPLIED |
| Jun 16 | 200.00 | DEBIT FOR BSI FINANCIAL SV 3TIME CO REF- 16-147281-1 |
| Jun 20 | 76.50 | PURCHASE FROM DDA - CENTRAL PURCHA / INTLK 00732211 06/18/11 CARD 9422160878 POS -AT CENTRAL PURCHASING GLENDALE AZ |
| Jun 23 | 15.32 | DEBIT/ FOR CHECKCARD 9422160878 06/22/11 GODADDY.COM 480-5058855 AZ |
| Jun 23 | 20.75 | PURCHASE FROM DDA - CIRCLE K # 340 / INTLK 102 06/23/11 CARD 9422160878 POS -AT CIRCLE K # 3403 PHOENIX AZ |
| Jun 27 | 20.05 | PURCHASE FROM DDA - CIRCLE K 06671 / INTLK 102 06/26/11 CARD 9422160878 POS -AT CIRCLE K 06671 ANTHEM AZ |
| Jun 28 | 33.15 | PURCHASE FROM DDA - FRYS FOOD & DR / INTLK IN3041 06/28/11 CARD 9422160878 POS -AT FRYS FOOD & DRUG 3 PHOENIX AZ |

27701

# Exhibit K

TRINITY FINANCIAL SERVICES, LLC
2618 SAN MIGUEL DRIVE
SUITE 303
NEWPORT BEACH, CA 92660
Phone: 855-818-6806
Fax: (855) 881-4499

---

September 7, 2018

*VIA FIRST CLASS AND CERTIFIED MAIL*
CARL DURHAM
17251 N. 61ST AVE.
GLENDALE, AZ 85308

**NOTICE OF DEFAULT AND INTENT TO FORECLOSE**

**Loan Number: 1600021803**
**Property Address: 17251 N. 61ST AVE., GLENDALE, AZ 85308**

Dear **CARL DURHAM,**

This letter is formal notice by TRINITY FINANCIAL SERVICES, LLC (hereinafter as "Beneficiary") that you are in default under the terms of the documents creating and securing your Loan described above, including the Note for the sum of $182,700.00 and Deed of Trust dated April 11, 2007, executed by CARL DURHAM, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY, as Trustor(s), to secure obligations in favor of NATIONAL CITY BANK as Beneficiary, recorded April 17, 2007, as Instrument No. 20070445346 of the official records in the Office of the Recorder of Maricopa County, Arizona ("Deed of Trust").

**THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON September 11, 2013 AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL AND INTEREST, ALONG WITH LATE CHARGES, PLUS FORECLOSURE COSTS AND LEGAL FEES, IN ADDITION TO ALL OF THE TERMS AND CONDITIONS AS PER THE DEED OF TRUST, PROMISSORY NOTE AND ALL RELATED LOAN DOCUMENTS.**

This amount is **$55,693.26** (not including foreclosure fees and costs) as of **September 7, 2018**. You can cure this default by making the payment of **$55,693.26** within 30 days from the date of this notice. Partial payments are not acceptable. For the exact amount you must pay to bring your loan current, please contact our office at 855-818-6806. Please include your Loan Number and Property address with your payment and send to:

TRINITY FINANCIAL SERVICES, LLC
2618 SAN MIGUEL DRIVE
SUITE 303
NEWPORT BEACH, CA 92660

Additional amounts may become due under your Note and Deed of Trust after the expiration of the 30-day cure period. You still must pay other obligations (such as insurance and taxes) required by your Note and Deed of Trust. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the Property, or pay other obligations as required in the Note and Deed of Trust, Beneficiary may insist that you do so in order to reinstate your account in good standing. In addition, Beneficiary may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

**TRINITY FINANCIAL SERVICES, LLC would like to avoid acceleration and foreclosure if possible. Please contact TRINITY FINANCIAL SERVICES, LLC at 855-818-6806 to discuss payment options to settle this matter and avoid foreclosure of your home.**

If you have any reason to dispute the past-due amount listed above, or if you believe your Loan is current, please contact Beneficiary at the number provided in this notice.

If you fail to cure the default within 30-days from the date of this notice, Beneficiary will accelerate the maturity date of the Note and declare all outstanding amounts under the Note immediately due. Your Property that is collateral for the Note may then be scheduled for foreclosure and sale in accordance with the terms of the Deed of Trust and applicable state laws. You have the right to reinstate the loan after acceleration, and to bring a court action to assert the non-existence of a default or any other defense to acceleration or foreclosure sale.

You should be aware, if a foreclosure action is commenced and filed, all expenses, costs and fees will be borne by you and that Beneficiary may report your payment history to the appropriate credit reporting agencies, which will become a part of your credit file.

In addition, you should be aware that the Tax Reform Acts of 1984 and 1986 requires that a foreclosure action be reported to the Internal Revenue Service. The Beneficiary's acquisition of this Property, which is the security for your debt, could have negative tax consequences for you.

If you are experiencing financial difficulty, you should know that there are several options available to you that may help you keep your home. You may contact a government approved housing counseling agency which provides free or low-cost housing counseling. You should consider contacting one of these agencies immediately. These agencies specialize in helping homeowners who are facing financial difficulty. Housing counselors can help you assess your financial condition and work with us to explore the possibility of modifying your loan, establishing an easier payment plan for you, or even working out a period of loan forbearance. For your benefit and assistance, there are government approved homeownership counseling agencies designed to help homeowners avoid losing their homes. To obtain a list of approved counseling agencies, please call the Secretary of Housing and Urban Development (HUD) toll free at 800-569-4287 or visit http://www.hud.gov.

Attention Servicemembers and dependents: The Federal Servicemembers' Civil Relief Act (50 U.S.C. Sec. 501 et seq) and certain state laws provide important protections for you, including reductions to interest rate, prohibiting foreclosure under most circumstances, and servicemember counseling is available at agencies such as Military OneSource and Armed Forces Legal Assistances. If you are currently in the military service, or have been within the last twelve (12) months, AND joined after signing the Note and Security Instrument now in default, please notify Beneficiary immediately. When contacting Beneficiary as to your military service, you must provide positive proof as to your military status.

To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. However, a secured party retains rights under its security instrument, including the right to foreclose its lien.

Failure to respond to this letter may result in the loss of your property. This matter is serious and you may want to seek legal counsel in order to have your legal rights explained and protected. If you are represented by an attorney, please provide us with the attorney's name, address and telephone number.

**TRINITY FINANCIAL SERVICES, LLC would like to avoid acceleration and foreclosure if possible. Please contact TRINITY FINANCIAL SERVICES, LLC at 855-818-6806 to discuss payment options to settle this matter and avoid foreclosure of your home.**

**HOW CAN YOU KEEP YOUR PROPERTY AND TAKE ADVANTAGE OF ALTERNATIVES TO FORECLOSURE?**

Complete the enclosed form and return it to the below address:

TRINITY FINANCIAL SERVICES, LLC
2618 SAN MIGUEL DRIVE
SUITE 303
NEWPORT BEACH, CA 92660

You can contact Beneficiary to find out if you qualify for one of the enclosed Alternatives to Foreclosure.

Please note that the foreclosure action will continue whether or not the form is completed and returned. The foreclosure action will continue unless your lender determines that you are eligible for one of these alternatives and an agreement is signed.

Time is of the essence; this information will enable us to determine what option is best suited to keep your home from being foreclosed upon.

We hope you will review the attached Alternatives to Foreclosure and return the enclosed forms so that we can work with you to save your property from foreclosure. If you have any questions, please contact Beneficiary at 855-818-6806.

Sincerely,

TRINITY FINANCIAL SERVICES, LLC

By: Don A. Madden, III

Title: President

**To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. However, a secured party retains rights under its security instrument, including the right to foreclose its lien.**

**TRINITY FINANCIAL SERVICES, LLC would like to avoid acceleration and foreclosure if possible. Please contact TRINITY FINANCIAL SERVICES, LLC at 855-818-6806 to discuss payment options to settle this matter and avoid foreclosure of your home.**

# *Alternatives to Foreclosure*

**If you want to keep your home, we can work with you to avoid foreclosure. Please review the options that might be available to you.**

☐ ***Forbearance Plan:*** An agreement to temporarily let you pay less than the full amount of your mortgage payment, or pay nothing at all, during the forbearance period. Your lender may consider a forbearance when you can show funds from a bonus, tax refund, or other source of future income that will allow you bring the mortgage current or qualify for a repayment plan or loan modification at the end of the forbearance period.

☐ ***Reinstatement of Your Loan:*** You would pay the total amount past due in one lump sum by a specified date.

☐ ***Repayment Plan:*** An agreement that gives you a fixed payment amount of time to repay the amount you are behind by combining a portion of what is past due with your regular mortgage payment. At the end of the repayment period you will have gradually paid back the amount of your mortgage that was delinquent.

☐ ***Modification: This is a written agreement between you and the lender that permanently changes the terms of the loan that in some instances may make your payments more affordable. Common loan modifications include:***

1. Adding missed payments to your existing loan balance.
2. Making an adjustable-rate mortgage into a fixed-rate mortgage.
3. Extending the number of years you have to pay to a longer term.

☐ ***Deed In Lieu of Foreclosure:*** Under certain circumstances, you would voluntarily transfer ownership of your property to the lender in exchange for cancellation of your mortgage debt. In most cases, you must attempt to sell your home for its fair market value for at least 90 days. You will be given a specific period of time to relocate. This option may not be available to you if there are other liens or judgments on your home.

☐ ***Short Payoff (aka Short Sale):*** If you can sell your house but the sales proceeds are less than the total amount you owe on your mortgage, your lender may agree to a short payoff and write off the portion of your mortgage that exceeds the net proceeds from the sale.

☐ ***Assumption of Your Loan:*** This option permits a qualified buyer to take over your mortgage debt and pay the payments, even if the mortgage is non-assumable.

Complete the enclosed form and return it to the below address:

TRINITY FINANCIAL SERVICES, LLC
2618 SAN MIGUEL DRIVE
SUITE 303
NEWPORT BEACH, CA 92660

You can contact Beneficiary to find out if you qualify for one of the enclosed Alternatives to Foreclosure.

**TRINITY FINANCIAL SERVICES, LLC would like to avoid acceleration and foreclosure if possible. Please contact TRINITY FINANCIAL SERVICES, LLC at 855-318-6806 to discuss payment options to settle this matter and avoid foreclosure of your home.**

# Exhibit L

October 5, 2018

Trinity Financial Services, LLC
2618 San Miguel Drive
Suite 303
Newport Beach, California 92660

VIA US MAIL

**RE: 17251 North 61st Avenue**
**Glendale, Arizona 85308**
**Loan No. 1500021830**

Dear Sir or Madam:

I wish to dispute that I owe any balance in connection with the above referenced loan.

Sincerely,

Carl Durham

# Exhibit M

TRINITY
FINANCIAL SERVICES, LLC

10/12/2018

CARL DURHAM
17251 N 61st Ave
Glendale, AZ 85308
Account: 1500021803

Dear CARL DURHAM

You are authorized to use the following amounts to payoff the above-mentioned loan. All necessary legal documents will be forwarded to the trustee for Full Reconveyance upon receipt of payment in full.

| | |
|---|---|
| **Payoff Date** | **11/11/2018** |
| Maturity Date | 4/11/2037 |
| Next Payment Due | 9/11/2013 |
| Interest Rate | 8.500% |
| Interest Paid-To Date | 8/11/2013 |
| Principal Balance | $182,510.02 |
| Unpaid Interest | $0.00 |
| Accrued Interest From 8/11/2013 To 11/11/2018 | $52,165.36 |
| Unpaid Late Charges | $0.00 |
| Accrued Late Charges | $5,606.61 |
| Unpaid Charges | $0.00 |
| Prepayment Penalty | $0.00 |
| Other Fees *For additional details see itemization attached | $150.00 |
| Trust Balance | $0.00 |
| **Payoff Amount** | **$240,431.99** |

Please add **$42.50** for each additional day past **11/11/2018**.

We reserve the right to amend this demand should any changes occur that would increase the total amount for payoff. **Please note that this demand expires on 11/11/2018**, at which time you are instructed to contact this office for additional instructions (DEMAND FORWARDING FEES ARE DUE EVEN UPON CANCELLATION OF YOUR ESCROW).

Make disbursement check payable to: **Trinity Financial Services, LLC**

Sincerely,

Loss Mitigation
Trinity Financial Services, LLC

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.**

**PLEASE SEE REVERSE SIDE OR SECOND PAGE FOR IMPORTANT NOTICES.**
**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.**

Free: 855.818.6806 | Fax: 855.881.4499 | 2618 San Miguel Dr., Suite 303 Newport Beach, CA. 92660

www.TrinityFS.com

TRINITY FINANCIAL SERVICES, LLC

1500021803
CARL DURHAM
17251 N 61St Ave
Glendale, AZ 85308

BEGINS 9/11/13

Payment History

| Payment Information | | | | | | Payment Applied to | | | | Balance After Funds Received or Charges Incurred | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Payment Due Date | Interest Rate | Scheduled Payment | Accrued Interest | Amount Received | Date Received | Principal | Interest | Charges | Reserve | Charges Incurred | Description of Charges | Unpaid Principal Balance | Accrued Interest | Late Charges | Reserve Balance |
| 9/11/2013 | 4.000% | $ 600.03 | $ 600.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 60.00 | $ - | $ 60.00 | Late | $ 182,510.02 | $ 600.03 | $ 60.00 | $ - |
| 10/11/2013 | 4.000% | $ 620.03 | $ 620.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 62.00 | $ - | $ 62.00 | Late | $ 182,510.02 | $ 1,220.07 | $ 122.01 | $ - |
| 11/11/2013 | 4.000% | $ 600.03 | $ 600.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 60.00 | $ - | $ 60.00 | Late | $ 182,510.02 | $ 1,820.10 | $ 182.01 | $ - |
| 12/11/2013 | 4.000% | $ 620.03 | $ 620.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 62.00 | $ - | $ 62.00 | Late | $ 182,510.02 | $ 2,440.13 | $ 244.01 | $ - |
| 1/11/2014 | 4.000% | $ 620.03 | $ 620.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 62.00 | $ - | $ 62.00 | Late | $ 182,510.02 | $ 3,060.17 | $ 306.02 | $ - |
| 2/11/2014 | 4.000% | $ 560.03 | $ 560.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 56.00 | $ - | $ 56.00 | Late | $ 182,510.02 | $ 3,620.20 | $ 362.02 | $ - |
| 3/11/2014 | 4.000% | $ 620.03 | $ 620.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 62.00 | $ - | $ 62.00 | Late | $ 182,510.02 | $ 4,240.23 | $ 424.02 | $ - |
| 4/11/2014 | 4.000% | $ 600.03 | $ 600.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 60.00 | $ - | $ 60.00 | Late | $ 182,510.02 | $ 4,840.27 | $ 484.03 | $ - |
| 5/11/2014 | 4.000% | $ 620.03 | $ 620.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 62.00 | $ - | $ 62.00 | Late | $ 182,510.02 | $ 5,460.30 | $ 546.03 | $ - |
| 6/11/2014 | 4.000% | $ 600.03 | $ 600.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 60.00 | $ - | $ 60.00 | Late | $ 182,510.02 | $ 6,060.33 | $ 606.03 | $ - |
| 7/11/2014 | 4.000% | $ 620.03 | $ 620.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 62.00 | $ - | $ 62.00 | Late | $ 182,510.02 | $ 6,680.37 | $ 668.04 | $ - |
| 8/11/2014 | 4.000% | $ 620.03 | $ 620.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 62.00 | $ - | $ 62.00 | Late | $ 182,510.02 | $ 7,300.40 | $ 730.04 | $ - |
| 9/11/2014 | 4.000% | $ 600.03 | $ 600.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 60.00 | $ - | $ 60.00 | Late | $ 182,510.02 | $ 7,900.43 | $ 790.04 | $ - |
| 10/11/2014 | 4.000% | $ 620.03 | $ 620.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 62.00 | $ - | $ 62.00 | Late | $ 182,510.02 | $ 8,520.47 | $ 852.05 | $ - |
| 11/11/2014 | 4.000% | $ 600.03 | $ 600.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 60.00 | $ - | $ 60.00 | Late | $ 182,510.02 | $ 9,120.50 | $ 912.05 | $ - |
| 12/11/2014 | 4.000% | $ 620.03 | $ 620.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 62.00 | $ - | $ 62.00 | Late | $ 182,510.02 | $ 9,740.53 | $ 974.05 | $ - |
| 1/11/2015 | 4.000% | $ 620.03 | $ 620.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 62.00 | $ - | $ 62.00 | Late | $ 182,510.02 | $ 10,360.57 | $ 1,036.06 | $ - |
| 2/11/2015 | 4.000% | $ 560.03 | $ 560.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 56.00 | $ - | $ 56.00 | Late | $ 182,510.02 | $ 10,920.60 | $ 1,092.06 | $ - |
| 3/11/2015 | 4.000% | $ 620.03 | $ 620.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 62.00 | $ - | $ 62.00 | Late | $ 182,510.02 | $ 11,540.63 | $ 1,154.06 | $ - |
| 4/11/2015 | 4.000% | $ 600.03 | $ 600.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 60.00 | $ - | $ 60.00 | Late | $ 182,510.02 | $ 12,140.67 | $ 1,214.07 | $ - |
| 5/11/2015 | 4.000% | $ 620.03 | $ 620.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 62.00 | $ - | $ 62.00 | Late | $ 182,510.02 | $ 12,760.70 | $ 1,276.07 | $ - |
| 6/11/2015 | 4.000% | $ 600.03 | $ 600.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 60.00 | $ - | $ 60.00 | Late | $ 182,510.02 | $ 13,360.73 | $ 1,336.07 | $ - |
| 7/11/2015 | 4.000% | $ 620.03 | $ 620.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 62.00 | $ - | $ 62.00 | Late | $ 182,510.02 | $ 13,980.77 | $ 1,398.08 | $ - |
| 8/11/2015 | 4.000% | $ 620.03 | $ 620.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 62.00 | $ - | $ 62.00 | Late | $ 182,510.02 | $ 14,600.80 | $ 1,460.08 | $ - |
| 9/11/2015 | 4.000% | $ 600.03 | $ 600.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 60.00 | $ - | $ 60.00 | Late | $ 182,510.02 | $ 15,200.83 | $ 1,520.08 | $ - |
| 10/11/2015 | 4.000% | $ 620.03 | $ 620.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 62.00 | $ - | $ 62.00 | Late | $ 182,510.02 | $ 15,820.87 | $ 1,582.09 | $ - |
| 11/11/2015 | 4.000% | $ 600.03 | $ 600.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 60.00 | $ - | $ 60.00 | Late | $ 182,510.02 | $ 16,420.90 | $ 1,642.09 | $ - |
| 12/11/2015 | 4.000% | $ 620.03 | $ 620.03 | $ - | N/A | $ 182,510.02 | 4.000% | $ 62.00 | $ - | $ 62.00 | Late | $ 182,510.02 | $ 17,040.94 | $ 1,704.09 | $ - |
| 1/11/2016 | 4.250% | $ 658.79 | $ 658.79 | $ - | N/A | $ 182,510.02 | 4.250% | $ 65.88 | $ - | $ 65.88 | Late | $ 182,510.02 | $ 17,699.72 | $ 1,769.97 | $ - |
| 2/11/2016 | 4.250% | $ 616.28 | $ 616.28 | $ - | N/A | $ 182,510.02 | 4.250% | $ 61.63 | $ - | $ 61.63 | Late | $ 182,510.02 | $ 18,316.01 | $ 1,831.60 | $ - |
| 3/11/2016 | 4.250% | $ 658.79 | $ 658.79 | $ - | N/A | $ 182,510.02 | 4.250% | $ 65.88 | $ - | $ 65.88 | Late | $ 182,510.02 | $ 18,974.79 | $ 1,897.48 | $ - |
| 4/11/2016 | 4.250% | $ 637.54 | $ 637.54 | $ - | N/A | $ 182,510.02 | 4.250% | $ 63.75 | $ - | $ 63.75 | Late | $ 182,510.02 | $ 19,612.33 | $ 1,961.23 | $ - |
| 5/11/2016 | 4.250% | $ 658.79 | $ 658.79 | $ - | N/A | $ 182,510.02 | 4.250% | $ 65.88 | $ - | $ 65.88 | Late | $ 182,510.02 | $ 20,271.11 | $ 2,027.11 | $ - |
| 6/11/2016 | 4.250% | $ 637.54 | $ 637.54 | $ - | N/A | $ 182,510.02 | 4.250% | $ 63.75 | $ - | $ 63.75 | Late | $ 182,510.02 | $ 20,908.65 | $ 2,090.86 | $ - |
| 7/11/2016 | 4.250% | $ 658.79 | $ 658.79 | $ - | N/A | $ 182,510.02 | 4.250% | $ 65.88 | $ - | $ 65.88 | Late | $ 182,510.02 | $ 21,567.43 | $ 2,156.74 | $ - |
| 8/11/2016 | 4.250% | $ 658.79 | $ 658.79 | $ - | N/A | $ 182,510.02 | 4.250% | $ 65.88 | $ - | $ 65.88 | Late | $ 182,510.02 | $ 22,226.22 | $ 2,222.62 | $ - |
| 9/11/2016 | 4.250% | $ 637.54 | $ 637.54 | $ - | N/A | $ 182,510.02 | 4.250% | $ 63.75 | $ - | $ 63.75 | Late | $ 182,510.02 | $ 22,863.76 | $ 2,286.38 | $ - |
| 10/11/2016 | 4.250% | $ 658.79 | $ 658.79 | $ - | N/A | $ 182,510.02 | 4.250% | $ 65.88 | $ - | $ 65.88 | Late | $ 182,510.02 | $ 23,522.54 | $ 2,352.25 | $ - |
| 11/11/2016 | 4.250% | $ 637.54 | $ 637.54 | $ - | N/A | $ 182,510.02 | 4.250% | $ 63.75 | $ - | $ 63.75 | Late | $ 182,510.02 | $ 24,160.08 | $ 2,416.01 | $ - |
| 12/11/2016 | 4.250% | $ 658.79 | $ 658.79 | $ - | N/A | $ 182,510.02 | 4.250% | $ 65.88 | $ - | $ 65.88 | Late | $ 182,510.02 | $ 24,818.86 | $ 2,481.89 | $ - |
| 1/11/2017 | 4.500% | $ 697.54 | $ 697.54 | $ - | N/A | $ 182,510.02 | 4.500% | $ 69.75 | $ - | $ 69.75 | Late | $ 182,510.02 | $ 25,516.40 | $ 2,551.64 | $ - |
| 2/11/2017 | 4.500% | $ 630.03 | $ 630.03 | $ - | N/A | $ 182,510.02 | 4.500% | $ 63.00 | $ - | $ 63.00 | Late | $ 182,510.02 | $ 26,146.44 | $ 2,614.64 | $ - |
| 3/11/2017 | 4.500% | $ 697.54 | $ 697.54 | $ - | N/A | $ 182,510.02 | 4.500% | $ 69.75 | $ - | $ 69.75 | Late | $ 182,510.02 | $ 26,843.97 | $ 2,684.40 | $ - |
| 4/11/2017 | 4.750% | $ 712.54 | $ 712.54 | $ - | N/A | $ 182,510.02 | 4.750% | $ 71.25 | $ - | $ 71.25 | Late | $ 182,510.02 | $ 27,556.51 | $ 2,755.65 | $ - |
| 5/11/2017 | 8.500% | $ 1,583.86 | $ 1,317.57 | $ - | N/A | $ 182,510.02 | 8.500% | $ 158.39 | $ - | $ 158.39 | Late | $ 182,510.02 | $ 28,874.09 | $ 2,914.04 | $ - |

TRINITY
FINANCIAL SERVICES, LLC

| | Payment Information | | | | | | | Payment Applied to | | | | Balance After Funds Received or Charges Incurred | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/11/2017 | 8.500% | $ 1,583.86 | $ 1,275.07 | $ - | N/A | $ 182,510.02 | 8.500% | $ 158.39 | $ - | $ 158.39 | Late | $ 182,510.02 | $ 30,149.16 | $ 3,072.42 | $ - |
| 7/11/2017 | 8.500% | $ 1,583.86 | $ 1,317.57 | $ - | N/A | $ 182,510.02 | 8.500% | $ 158.39 | $ - | $ 158.39 | Late | $ 182,510.02 | $ 31,466.73 | $ 3,230.81 | $ - |
| 8/11/2017 | 8.500% | $ 1,583.86 | $ 1,317.57 | $ - | N/A | $ 182,510.02 | 8.500% | $ 158.39 | $ - | $ 158.39 | Late | $ 182,510.02 | $ 32,784.30 | $ 3,389.20 | $ - |
| 9/11/2017 | 8.500% | $ 1,583.86 | $ 1,275.07 | $ - | N/A | $ 182,510.02 | 8.500% | $ 158.39 | $ - | $ 158.39 | Late | $ 182,510.02 | $ 34,059.37 | $ 3,547.58 | $ - |
| 10/11/2017 | 8.500% | $ 1,583.86 | $ 1,317.57 | $ - | N/A | $ 182,510.02 | 8.500% | $ 158.39 | $ - | $ 158.39 | Late | $ 182,510.02 | $ 35,376.94 | $ 3,705.97 | $ - |
| 11/11/2017 | 8.500% | $ 1,583.86 | $ 1,275.07 | $ - | N/A | $ 182,510.02 | 8.500% | $ 158.39 | $ - | $ 158.39 | Late | $ 182,510.02 | $ 36,652.01 | $ 3,864.36 | $ - |
| 12/11/2017 | 8.500% | $ 1,583.86 | $ 1,317.57 | $ - | N/A | $ 182,510.02 | 8.500% | $ 158.39 | $ - | $ 158.39 | Late | $ 182,510.02 | $ 37,969.58 | $ 4,022.74 | $ - |
| 1/11/2018 | 8.500% | $ 1,583.86 | $ 1,317.57 | $ - | N/A | $ 182,510.02 | 8.500% | $ 158.39 | $ - | $ 158.39 | Late | $ 182,510.02 | $ 39,287.16 | $ 4,181.13 | $ - |
| 2/11/2018 | 8.500% | $ 1,583.86 | $ 1,190.07 | $ - | N/A | $ 182,510.02 | 8.500% | $ 158.39 | $ - | $ 158.39 | Late | $ 182,510.02 | $ 40,477.22 | $ 4,339.52 | $ - |
| 3/11/2018 | 8.500% | $ 1,583.86 | $ 1,317.57 | $ - | N/A | $ 182,510.02 | 8.500% | $ 158.39 | $ - | $ 158.39 | Late | $ 182,510.02 | $ 41,794.79 | $ 4,497.90 | $ - |
| 4/11/2018 | 8.500% | $ 1,583.86 | $ 1,275.07 | $ - | N/A | $ 182,510.02 | 8.500% | $ 158.39 | $ - | $ 158.39 | Late | $ 182,510.02 | $ 43,069.86 | $ 4,656.29 | $ - |
| 5/11/2018 | 8.500% | $ 1,583.86 | $ 1,317.57 | $ - | N/A | $ 182,510.02 | 8.500% | $ 158.39 | $ - | $ 158.39 | Late | $ 182,510.02 | $ 44,387.44 | $ 4,814.67 | $ - |
| 6/11/2018 | 8.500% | $ 1,583.86 | $ 1,275.07 | $ - | N/A | $ 182,510.02 | 8.500% | $ 158.39 | $ - | $ 158.39 | Late | $ 182,510.02 | $ 45,662.51 | $ 4,973.06 | $ - |
| 7/11/2018 | 8.500% | $ 1,583.86 | $ 1,317.57 | $ - | N/A | $ 182,510.02 | 8.500% | $ 158.39 | $ - | $ 158.39 | Late | $ 182,510.02 | $ 46,980.08 | $ 5,131.45 | $ - |
| 8/11/2018 | 8.500% | $ 1,583.86 | $ 1,317.57 | $ - | N/A | $ 182,510.02 | 8.500% | $ 158.39 | $ - | $ 158.39 | Late | $ 182,510.02 | $ 48,297.65 | $ 5,289.83 | $ - |
| 9/11/2018 | 8.500% | $ 1,583.86 | $ 1,275.07 | $ - | N/A | $ 182,510.02 | 8.500% | $ 158.39 | $ - | $ 158.39 | Late | $ 182,510.02 | $ 49,572.72 | $ 5,448.22 | $ - |
| 10/11/2018 | 8.500% | $ 1,583.86 | $ 1,317.57 | $ - | N/A | $ 182,510.02 | 8.500% | $ 158.39 | $ - | $ 158.39 | Late | $ 182,510.02 | $ 50,890.29 | $ 5,606.61 | $ - |
| 11/11/2018 | 8.500% | $ 1,583.86 | $ 1,275.07 | $ - | N/A | $ 182,510.02 | 8.500% | $ - | $ - | $ - | Late | $ 182,510.02 | $ 52,165.36 | $ 5,606.61 | $ - |

| | |
|---|---|
| Missed Payments | $ 57,649.94 |
| Late Charges | $ 5,606.61 |
| Annual Fees | $ 150.00 |
| Attorney Fees | $ - |
| Misc Charges | $ - |
| | |
| **Reinstatement as of 11/11/2018** | **$ 63,406.54** |

# Exhibit N

Unofficial
20 Document

RECORDING REQUESTED BY:

15.
Yo.

WHEN RECORDED MAIL TO:

Trustee Corps
17100 Gillette Ave.
Irvine, CA 92614

TS No. AZ01000008-16 APN 200-48-018C 5 TO No. 97109252

# NOTICE OF TRUSTEE'S SALE

The following legally described trust property will be sold, pursuant to the power of sale under that certain Deed of Trust dated April 11, 2007 and recorded on April 17, 2007 as Instrument No. 20070445348 of official records in the Office of the Recorder of Maricopa County, Arizona. NOTICE! IF YOU BELIEVE THERE IS A DEFENSE TO THE TRUSTEE SALE OR IF YOU HAVE AN OBJECTION TO THE TRUSTEE SALE, YOU MUST FILE AN ACTION AND OBTAIN A COURT ORDER PURSUANT TO RULE 65, ARIZONA RULES OF CIVIL PROCEDURE, STOPPING THE SALE NO LATER THAN 5:00 P.M. MOUNTAIN STANDARD TIME ON THE LAST BUSINESS DAY BEFORE THE SCHEDULED DATE OF THE SALE, OR YOU MAY HAVE WAIVED ANY DEFENSES OR OBJECTIONS TO THE SALE. UNLESS YOU OBTAIN AN ORDER, THE SALE WILL BE FINAL AND WILL OCCUR at public auction to the highest bidder Trustee Corps Building located at 4235 N. 16th Street, Suite B, Phoenix, AZ 85016 on January 16, 2019 at 11:30 AM on said day.

The street address and other common designation, if any, of the real property described above is purported to be: 17251 N. 61ST AVE., GLENDALE, AZ 85308

THE NORTH HALF OF THE WEST HALF OF LOT 18, SECTION 31, TOWNSHIP 4 NORTH, RANGE 2 EAST OF THE GILA AND SALT RIVER BASE AND MERIDIAN, MARICOPA COUNTY, ARIZONA;

EXCEPT ALL COAL, OIL, GAS AND OTHER MINERAL DEPOSITS AS RESERVED IN PATENT FROM THE UNITED STATES OF AMERICA.

APN: 200-48-018C 5

Original Principal Balance $182,700.00

<u>Name and Address of original Trustor</u>
CARL DURHAM, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY
17251 N. 61ST AVE.
GLENDALE, AZ 85308

<u>Name and Address of the Beneficiary</u>
TRINITY FINANCIAL SERVICES, LLC
2618 SAN MIGUEL DRIVE
SUITE 303
NEWPORT BEACH, CA 92660

<u>Name and Address of Trustee</u>
MTC FINANCIAL INC. dba Trustee Corps
17100 Gillette Ave
Irvine, CA 92614
949.252.8300

Said sale will be made for cash (payable at time of sale), but without covenant or warranty, express or implied, regarding title, possession or encumbrances, to pay the remaining principal sum of the Note secured by said Trust Deed, which includes interest thereon as provided in said Note, advances, if any under the terms of said Trust Deed, interest on advances, if any, fees, charges and expenses of the Trustee and of the trust created by said Trust Deed.

TS No. AZ01000008-16 APN 200-48-018C 5 TO No. 97109252

The Trustee will accept only cash or cashier's check for reinstatement or price bid payment. Reinstatement payment must be paid before five o'clock P.M. (5:00 P.M.) on the last day other than a Saturday or legal holiday before the date of sale. The purchaser at the sale, other than the Beneficiary to the extent of his credit bid, shall pay the price bid no later than five o'clock P.M. (5:00 P.M.) of the following day, other than a Saturday or legal holiday.

If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee and the successful bidder shall have no further recourse.

Conveyance of the property shall be without warranty, express or implied, and subject to all liens, claims or interest having a priority senior to the Deed of Trust. The Trustee shall not express an opinion as to the condition of title.

Trustee Corps, as Duly Appointed Successor Trustee

Date: 10-15-18

By: Victor Hutchins, Vice President

Manner of Trustee qualification:
**Real Estate Broker, as required by ARS Section 33-803, Subsection A**

Name of Trustee's regulator:
**Arizona Department of Real Estate**

**SALE INFORMATION CAN BE OBTAINED ON LINE AT www.insourcelogic.com**
**FOR AUTOMATED SALES INFORMATION PLEASE CALL:**
**In Source Logic AT 702-659-7766**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Unofficial Document

State of CALIFORNIA
County of ORANGE

On 10-15-2018 before me, Laura M. Soza, Notary Public, personally appeared VICTOR HUTCHINS who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of CALIFORNIA that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public Signature

LAURA M. SOZA
Notary Public - California
Orange County
Commission # 2192491
My Comm. Expires Apr 20, 2021

Trustee Corps may be acting as a debt collector attempting to collect a debt.
Any information obtained may be used for that purpose.

**To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. However, a secured party retains rights under its security instrument, including the right to foreclose its lien.**

# STATEMENT OF BREACH OR NON-PERFORMANCE

TRUSTEE SALE NO: AZ01000008-16

**NOTICE IS HEREBY GIVEN** that a breach or non-performance of the Trust Deed mentioned in the "Notice of Trustee's Sale" to which this Statement of Breach or Non-Performance is attached has occurred. The nature of such breach or non performance is as follows:

FAILURE TO PAY THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON September 11, 2013 AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL AND INTEREST, ALONG WITH LATE CHARGES, PLUS FORECLOSURE COSTS AND LEGAL FEES, IN ADDITION TO ALL OF THE TERMS AND CONDITIONS AS PER THE DEED OF TRUST, PROMISSORY NOTE AND ALL RELATED LOAN DOCUMENTS.

The Beneficiary elects to sell or cause to be sold such property under the Trust Deed.

DATE: 10-15-18

**TRINITY FINANCIAL SERVICES, LLC,**
**by TRUSTEE CORPS, as Duly Appointed Successor Trustee**

[signature]
By: Victor Hutchins, Vice President

**IF YOUR PROPERTY IS IN FORECLOSURE** because you are delinquent in payments, it may be sold without any court action as stated in the enclosed Notice of Trustee's Sale. You have the legal right to bring your account in good standing by paying all your past due payments plus permitted costs and expenses within 90 days from the date the Notice of Trustee's Sale was recorded.

**IF YOUR INTEREST IN THE TRUST PROPERTY IS SUBORDINATE** in priority to that of the Deed of Trust being foreclosed, your interest may be subject to being terminated by the Trustee's Sale.

**TO FIND OUT THE AMOUNT YOU MUST PAY** or to arrange for payment to stop the foreclosure or if your property is in foreclosure for any other reason, contact:

MTC FINANCIAL INC. dba Trustee Corps
17100 Gillette Ave, Irvine, CA 92614
Phone: 949.252.8300 Facsimile: 949.752-7332
TRUSTEE SALE NO: AZ01000008-16

***PLEASE REFERENCE THE TRUSTEE SALE NUMBER***

**To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. However, a secured party retains rights under its security instrument, including the right to foreclose its lien.**

ADRIAN FONTES
20180770270 10/15/2018 11:53
ELECTRONIC RECORDING

RECORDING REQUESTED BY:

1539628865262-2-2-1--
Yorkm

WHEN RECORDED MAIL TO:

Trustee Corps
17100 Gillette Ave
Irvine, CA 92614

TS No. AZ01000008-16-1 APN 200-48-018C 5 TO No. 97109252
Commonly known as: 17251 N. 61ST AVE., GLENDALE, AZ 85308

# SUBSTITUTION OF TRUSTEE

WHEREAS, CARL DURHAM, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY was the original Trustor(s), NATIONAL CITY BANK, CONSUMER LOAN SERVICES was the original Trustee and NATIONAL CITY BANK was the original Beneficiary under that certain Deed of Trust dated April 11, 2007 and recorded on April 17, 2007 as Instrument No. 20070445346 of official records in the Office of the Recorder of Maricopa County, Arizona and described as follows:

THE NORTH HALF OF THE WEST HALF OF LOT 18, SECTION 31, TOWNSHIP 4 NORTH, RANGE 2 EAST OF THE GILA AND SALT RIVER BASE AND MERIDIAN, MARICOPA COUNTY, ARIZONA;

EXCEPT ALL COAL, OIL, GAS AND OTHER MINERAL DEPOSITS AS RESERVED IN PATENT FROM THE UNITED STATES OF AMERICA.

The Successor Trustee appointed herein qualifies as Trustee of the Trust Deed in the Trustee's capacity as a Real Estate Broker as required by ARS Section 33-803 (A) (1);

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust; and

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and instead of said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust provided.

TS No. AZ01000008-18-1 APN 200-48-018C 5 TO No. 97109252

NOW THEREFORE, the undersigned hereby substitutes MTC Financial Inc. dba Trustee Corps whose address is 17100 Gillette Ave, Irvine, CA 92614.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

Dated: 10/11/2018

TRINITY FINANCIAL SERVICES, LLC

By: Don A. Madden, III, President

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF California

COUNTY OF Orange

On 10/11/2018 before me, Mihaela Andreea Vilhauer, Notary Public, personally appeared Don A. Madden III who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Notary Public Signature

MIHAELA ANDREEA VILHAUER
Notary Public - California
Orange County
Commission # 2221574
My Comm. Expires Nov 11, 2021

# Exhibit O

November 1, 2018

Trinity Financial Services, LLC
2618 San Miguel Drive
Suite 303
Newport Beach, California 92660

VIA CERITFIED MAIL RETURN RECEIPT REQUESTED

**RE: 17251 North 61st Avenue, Glendale, Arizona 85308**
**Loan No. 1500021830**

Dear Sir or Madam:

On or about April 11, 2007, I obtained a second mortgage secured by the above referenced property in the amount of $182,700. Trinity Financial Services, LLC ("Trinity") apparently purchased this loan sometime later and claims to be the current owner of this debt.

On or about September 7, 2018, I received a Notice of Default and Intent to Foreclose from Trinity claiming among other things, that I owed a Deficiency Balance of $55,693.26. The Deficiency Balance was calculated from September 11, 2013 forward to the current date. No detail was provided for any payments made to the loan or fees and interest charged prior to September 11, 2013. (6 ½ years of missing information)

On or about October 12, 2018, I received a Payoff Statement from Trinity claiming among other things, a current Payoff Amount due on the loan of $240,431.99. The Payoff Amount was calculated from September 11, 2013 forward to the current date. No detail was provided for any payments made to the loan or fees and interest charged prior to September 11, 2013. (6 ½ years of missing information)

On or about October 15, 2018, Trinity filed a foreclosure proceeding against me. The above referenced deficiency amount and payoff balance were the basis for the filing of the foreclosure action.

As stated, I obtained the second mortgage on or about April 11, 2007. Regular payments of principal and interest were in fact made to the loan prior to September 11, 2013. These payments have not been accounted for by Trinity.

I am hereby requesting a detailed schedule of all payments made and fees and interest charged to the above referenced loan for the period of April 11, 2007 thru September 11, 2013 in support of the deficiency and payoff balances claimed. It only seems reasonable to me that Trinity would have received this information when it originally purchased the loan together with other such vital documentation such as the note, deed of trust and other related

documentation that Trinity claims to possess. Be advised that a simple "carry forward" balance from the prior owner(s) of the loan is not sufficient or acceptable.

This is a time sensitive matter. I am requesting that Trinity respond within **14 days of receipt of this letter.** If Trinity is unable to provide this documentation, then I hereby request that Trinity voluntarily dismiss the foreclosure action without delay.

If I do not receive Trinity's timely response, I will file a motion in court seeking among other things, the dismissal of the foreclosure proceeding together with any other relief the court may provide to include an award for sanctions, fees and costs.

Respectfully,

Carl Durham

[Co]mplete items 1, 2, and 3.
[Print] your name and address on the reverse [so] that we can return the card to you.
Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Trinity Financial Services, LLC
2618 San Miguel DR.
STE 303
Newport Beach, CA 92660

9590 9402 3702 7335 5583 74

2. Article Number (Transfer from service label)

7017 1070 0000 4564 3960

A. Signature

X Newport Beach Mailboxes & More ☒ Agent ☐ Addressee

B. Received by (Printed Name) Newport Hills Center 2618 San Miguel Drive Newport Beach, CA 92660

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type

- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

---

7017 1070 0000 4564 3960

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee $ 11.12

Extra Services & Fees (check box, add fee as appropriate)

- ☐ Return Receipt (hardcopy) $
- ☐ Return Receipt (electronic) $
- ☐ Certified Mail Restricted Delivery $
- ☐ Adult Signature Required $
- ☐ Adult Signature Restricted Delivery $

Postage $

Total Postage and Fees $ 11.12

Postmark Here

Sent To: Trinity Financial Services LLC
Street and Apt. No., or PO Box No.: 2618 San Miguel DR. STE 303
City, State, ZIP+4®: Newport Beach, CA 92660

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

November 1, 2018

Trinity Financial Services, LLC
2618 San Miguel Drive
Suite 303
Newport Beach, California 92660

VIA CERITFIED MAIL RETURN RECEIPT REQUESTED

**RE: 17251 North 61st Avenue, Glendale, Arizona 85308**
**Loan No. 1500021830**

Dear Sir or Madam:

On or about May 31, 2018, I received a Settlement Termination Letter from Trinity Financial Services, LLC ("Trinity"). The letter referenced a certain Contingent Compromise Settlement Agreement dated April 18, 2011 a copy of which was forwarded to me via email by Trinity.

In Section B of the Recitals of the Contingent Compromise Settlement Agreement, there is a reference to a "settlement letter agreement" dated April 12, 2011. This is clearly a separate and distinct document that was written prior to, and in anticipation of, the Contingent Comprise Settlement Agreement.

I hereby request a copy of the "settlement letter agreement" dated April 12, 2011. I must assume that if Trinity has a copy of the Contingent Compromise Settlement Agreement, it must also have a copy of the "settlement letter agreement" dated April 12, 2011 which would have been written only days before.

This is a time sensitive matter. I am requesting that Trinity respond to my request within **14 days of the receipt of this letter.**

Respectfully,

Carl Durham

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Trinity Financial Services, LLC
2618 San Miguel Dr.
Newport Beach, CA 92660

9590 9402 3702 7335 5583 81

2. Article Number (*Transfer from service label*)
7017 1070 0000 4564 3946

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Newport Beach Mailboxes & More
Newport Hills Center
2618 San Miguel Drive
Newport Beach, CA 92660
☒ Agent
☐ Addressee

B. Received by (*Printed Name*)
C. Date of Delivery 10-02-18

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

7017 1070 0000 4564 3946

Certified Mail Fee $ 6.53

Extra Services & Fees (*check box, add fee as appropriate*)
☐ Return Receipt (hardcopy) $ 4.59
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postage $

Total Postage and Fees $ 11.12

Postmark Here

Sent To Trinity Financial Serv., LLC
Street and Apt. No., or PO Box No. 2618 San Miguel Dr. STE
City, State, ZIP+4® Newport, CA 92660

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions