Richard J. Reynolds (SBN 027608)
E-mail: rreynolds@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1851 East First Street, Suite 1550
Santa Ana, CA 92705-4067
Tel: 949.863.3363   Fax: 949.863.3350

Attorneys for Defendant
MTC FINANCIAL INC. dba TRUSTEE CORPS
(erroneously named herein MTC FINANCIAL, INC.
dba TRUSTEE CORPS. on behalf of TRINITY
FINANCIAL SERVICES, LLC.)

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| CARL DURHAM, <br><br> Plaintiff, <br><br> v. <br><br> MTC FINANCIAL, INC. dba TRUSTEE CORPS. on behalf of TRINITY FINANCIAL SERVICES, LLC., <br><br> Defendants. | Case No. 2:19-cv-00238-DLR <br><br> **OPPOSITION TO PLAINTIFF CARL DURHAM'S APPLICATION FOR TEMPORARY RESTRAINING ORDER** <br><br> [Filed and Served Concurrently With Declaration of Salina Padilla] |

I.   **THE COMPLAINT IS MISDIRECTED AND NO RELIEF CAN BE GRANTED**

MTC FINANCIAL, INC. dba TRUSTEE CORPS ("Trustee Corps") is the only defendant appearing in this matter at this time. It is a foreclosure trustee.

Trustee Corps was not actually named as a Defendant, and it is the only entity served with this defective complaint. The Complaint reads: <u>MTC Financial, Inc. dba TRUSTEE CORPS on behalf of Trinity Financial Services, LLC</u> (Emphasis Supplied). Trustee Corps is not a proper party for the reasons stated herein, and it is the <u>only</u> party to the Complaint. There is no authority for naming Trustee Corps not actually as a Defendant, but on behalf of a separate entity which is not named in its own right. The pleading is fatally defective and no relief can therefore be granted.

///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4842-2772-8005 v1
F0016-0002

- 1 -

OPPOSITION TO PLAINTIFF CARL DURHAM'S
APPLICATION FOR TEMPORARY RESTRAINING
ORDER

Trustee Corps' is not the lender to whom Plaintiff directs his charges in his pleading. TRINITY FINANCIAL SERVICES, LLC ("Trinity") is the subject lender. By looking at the website of the Arizona Corporation Commission, Trinity is listed as an active foreign limited liability company with an agent for service of process in Phoenix. See, *https://ecorp.azcc.gov/BusinessSearch/BusinessInfo?entityNumber=R19516654*. Consequently, the Court is respectfully requested to deny Plaintiff's Application.

## II. TRUSTEE CORPS IS IMPROPERLY JOINED IN THIS LAWSUIT

With respect to Trustee Corps' conduct of the foreclosure, A.R.S. § 33-807(E) provides:

> "The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust. Any order entered against the Beneficiary is binding upon the trustee with respect to any actions that the trustee is authorized to take by the trust deed or by this chapter. If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee." [Emphasis Added].

The U.S. District Court in Snyder v. HSBC Bank, USA, N.A., 873 F.Supp.2d 1139, 1154 (D. Ariz. 2012) provides guidance on the application of A.R.S. 33-807(E) as follows:

> "Under A.R.S. § 33–807(E), a trustee should only be joined as a party in legal actions if the trustee is alleged to have breached his obligations under Arizona trustee law or the deed of trust. A.R.S. § 33–807(E). The plain meaning of the first sentence of the statute is that the plaintiff need only join the trustee as a party to a claim when that claim *asserts that the trustee breached one or more of the trustee's obligations arising under either the deed of trust or Arizona statutes regulating trust deeds*." (emphasis added.) Id.

Providing further explanation for the application of A.R.S. §33-807(E), the U.S. District Court in Vawter v. Bank of America NA, 108 F.Supp.3d 719, 725 (D. Ariz. 2015) references A.R.S. § 33–801(10), which states, "The trustee's obligations to the trustor, beneficiary and other persons are as *specified* in this chapter, together with any other obligations *specified* in the trust deed."

> "...[T]o receive the protection of A.R.S. § 33–807(E) as to any particular claim, a trustee must establish three elements. First, that the trustee has been named as a defendant in the claim. Second, that the claim relates to the authority of the trustee to act, given to the trustee either by the trust deed or Arizona statutes regulating trust deeds. Third, that the claims do not allege that the trustee breached any of his or her obligations that arise under either the deed of trust or the statutory chapter of the Arizona Revised Statutes that regulates deeds of trust." Snyder v. HSBC Bank, USA, N.A., 873 F.Supp.2d 1139, 1154 (D. Ariz. 2012)

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4842-2772-8005 v1
F0016-0002

- 2 -

OPPOSITION TO PLAINTIFF CARL DURHAM'S APPLICATION FOR TEMPORARY RESTRAINING ORDER

In the instant case, Plaintiff has named Trustee Corps as a defendant, but actually only as an agent for an apparent disclosed principal. Secondly, the complaint allegedly relates to the authority of the trustee to foreclose. Thirdly, <u>Plaintiff has not pleaded factually and specifically a breach of the trustee's obligation under the Arizona's non-judicial statutory scheme or under the DOT</u>. All of the "purported" wrongdoing is alleged to be that of Trinity, which is not named as a party in the Complaint.

Accordingly, because Trustee Corps' involvement in this action arises only by reason of Trustee Corps' appointment as a Trustee, and Trustee Corps has successfully refuted Plaintiff's accusations, Trustee Corps should be dismissed from this action forthwith with prejudice.

### III. PLAINTIFFS HAVE NEITHER A STRONG LIKELIHOOD OF SUCCESS ON THE MERITS NOR EVEN A FAIR CHANCE OF SUCCESS ON THE MERITS

The Complaint reflects Plaintiff missed the July 11, 2011 payment under a settlement agreement reached between the prior loan servicer and plaintiff. Complaint, Ex. I. The Settlement Agreement requires specifically all payments in guarantee funds (certified check, cashier's check or money order) on the first of each month. Complaint, Ex. C, p. 1 of 4, ¶3 Ex. I. *Plaintiff has not produced a copy of a cashier's check, money order, or certified check to show payment on July 1, 2011.* Further, the complaint does not state whether any funds sent improperly or late were ever returned to him as non-satisfactory or in non-compliance with the settlement agreement. Further, Plaintiff provides no record of all payments made and received pursuant the Settlement Agreement. Plaintiff only states "to the best his knowledge," he satisfied the terms of the settlement agreement. This is not statement with any certainty. It does not support injunctive relief.

If Plaintiff does not meet his obligations under the settlement agreement (and he has not) by not making a timely payment, the settlement agreement is terminated without notice and the lender can pursue all its remedies as though the settlement never existed. Complaint, Ex. C, p. 2 of 4, ¶6. Trinity sent its intent to default on September 7, 2018. Complaint, Ex. K

Plaintiff's Complaint is flawed fatally in claiming the foreclosure of the Property should be barred and enjoined in its entirety on the basis of the statute of limitations. Complaint, p. 5,

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4842-2772-8005 v1
F0016-0002

- 3 -

OPPOSITION TO PLAINTIFF CARL DURHAM'S APPLICATION FOR TEMPORARY RESTRAINING ORDER

1  Claim No. 2. This is not a case where it can be asserted simplistically the statute of limitations

2  bars foreclosure. As discussed below, Plaintiff is misapplying the statute of limitations.

3  With respect to the statute of limitations governing this particular Deed of Trust's

4  foreclosure, the Court of Appeals in <u>PNL Asset Management Co., LLC v. Brendgen & Taylor</u>

5  <u>Partnership</u>, 193 Ariz. 126, 133, 970 P.2d 958 (1998) finds:

> "Arizona... has long recognized that a mortgage is a mere incident of the underlying debt, *see Best Fertilizers of Arizona, Inc. v. Burns,* 116 Ariz. 492, 493, 570 P.2d 179, 180 (1977), and has also expressly matched the limitations period on a foreclosure to that on the underlying note. Arizona Revised Statutes Annotated section 33-616 (1990) provides that an action to foreclose a deed of trust shall be brought "within the period prescribed by law for commencement of an action on the contract secured by the trust deed."

10  The Court of Appeals in <u>Cheatham v. Sahuaro Collection Service, Inc.</u>, 118 Ariz. 452,

11  454, 577 P.2d 738 (1978) states the statute of limitations for a promissory note as follows:

> "The applicable statute of limitations here is A.R.S. s 12-548 (1956). According to that section, an action for a debt evidenced by or founded upon a contract in writing must be commenced within six years after the cause of action accrues."

14  Because the loan in this suit reflects the loan was a monthly installment note in which

15  final payment was not due fully until a specified time in the future, and because Trinity exercised

16  an optional acceleration clause as stated in deed as discussed above, the Court of Appeals in <u>Navy</u>

17  <u>Federal Credit Union v. Jones</u>, 187 Ariz. 493, 494, 930 P.2d 1007 (1996) explains how to apply

18  A.R.S. 12-548 (the six year statute of limitations) as follows:

> "We hold that the six-year period commences on the due date of each matured but unpaid installment and, as to unmatured future installments, the period commences on the date the creditor exercises the optional acceleration clause."

21  With respect to its holding on the application of the subject statute of limitations to each

22  matured but unpaid installment and as to unmatured future installments, The Court of Appeals in

23  <u>Navy Federal Credit Union v. Jones</u>, <u>infra</u>. explained further:

> "[I]f the acceleration clause in a debt payable in installments is optional, a cause of action as to future nondelinquent installments does not accrue until the creditor chooses to take advantage of the clause and accelerate the balance. Unless the creditor exercises the option, the statute of limitations applies to each installment separately, and does not begin to run on any installment until it is due....
> Moreover, whether or not an instrument contains an acceleration clause, exercised or not, is of no moment to the accrual of a cause of action for a *defaulted* installment, since an acceleration clause only accelerates the due date of *future*

28  / / /

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4842-2772-8005 v1
F0016-0002

- 4 -

OPPOSITION TO PLAINTIFF CARL DURHAM'S
APPLICATION FOR TEMPORARY RESTRAINING
ORDER

installments to the date of the exercise of the right of acceleration.... We agree with and therefore adopt these two rules."

The Complaint <u>omits</u> critically important facts found in the loan of which Plaintiff is <u>aware</u>. The loan expressly provides for payment of interest and principal in monthly installments with the balance due on a certain date in the future.

### IV. **CONCLUSION**

The Complaint does not name the party with whom Plaintiff has a dispute. As a result, it is wholly improper to issue injunctive relief.

Dated: January 15, 2019                BURKE, WILLIAMS & SORENSEN, LLP


By: /s/ *Richard J. Reynolds*
    Richard J. Reynolds
    Attorneys for Defendant
    MTC FINANCIAL INC. dba TRUSTEE CORPS

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4842-2772-8005 v1
F0016-0002

- 5 -

OPPOSITION TO PLAINTIFF CARL DURHAM'S APPLICATION FOR TEMPORARY RESTRAINING ORDER

# CERTIFICATE OF SERVICE

I certify that I am an employee of BURKE, WILLIAMS & SORENSEN, LLP, and that on January 15, 2019, I caused to be served a true copy of the **OPPOSITION TO PLAINTIFF CARL DURHAM'S APPLICATION FOR TEMPORARY RESTRAINING ORDER** addressed to all parties and counsel as identified on the Court-generated Notice of Electronic Filing; all counsel being registered to receive CM/ECF Electronic Filing as follows:

- **Richard Joseph Reynolds** - rreynolds@bwslaw.com, psoeffner@bwslaw.com, tmims@bwslaw.com, bantle@bwslaw.com, fcabezas@bwslaw.com

I further certify that some of the participants in the case are not registered CM/ECF users and that I caused to be serviced a true copy by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Santa Ana, California addressed as set forth below:

Carl Durham
17251 N. 61st Ave.
Glendale, AZ 85308

Plaintiffs In Pro Per

*Patti Soeffner*
Patti Soeffner

IRV #4810-6868-2373 v1
F0016-0002

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

- 1 -   CERTIFICATE OF SERVICE